378 So.2d 39 (1979)
Frank S. BUCKBEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2322.
District Court of Appeal of Florida, Third District.
December 4, 1979.
Rehearing Denied January 8, 1980.
Hirschhorn & Freeman and Joel Hirschhorn, Miami, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
PEARSON, Judge.
The defendant, Frank S. Buckbee, pled guilty to the unlawful possession of seven ounces of cannabis. He was placed on three years probation. Thereafter, the trial judge, for reasons hereafter discussed, amended the order of probation to include a nine-month jail sentence. This appeal seeks review of the order modifying probation. We reverse.
Following the guilty plea, the trial court ordered a pre-sentence investigation conducted. Subsequently, on June 26, 1978, after reading the pre-sentence investigation report which described the defendant's involvement in a separate, then-pending, federal prosecution for conspiracy to import a large quantity of marijuana, the trial court agreed with the defendant's counsel that possession of the small amount of marijuana involved in this case did not in and of itself justify any long-term imprisonment, as the defendant had no prior felony convictions. The trial court placed the defendant on three years probation, and also attempted *40 to "... reserve the right to sentence [the defendant] to jail time, if, in fact, he is found guilty of the Federal offense...."[1]
The court then withheld adjudication of guilt and placed the defendant on three years probation. The original order of probation contained no reservations or special conditions. The trial judge then ordered the defendant to return after the disposition of the federal trial.
The federal charges against the defendant were never prosecuted after the federal court granted the defendant's motion to suppress the evidence. In granting the motion, the U.S. district judge made findings of fact which purported to describe the defendant's participation in an importation of marijuana scheme. On this basis and despite the fact that there was never any adjudication of guilt in the federal case, the state trial court herein, sua sponte, amended the order of probation to include a nine-month jail sentence, nunc pro tunc to the probation imposed five months earlier.
We hold that the trial judge did not have jurisdiction to amend the order placing the defendant on probation by increasing the severity of the punishment, i.e., the imposition of a condition requiring jail time. Thus, on June 26, 1978, the trial judge entered an order which formally placed the defendant on probation and listed ten conditions of probation, which are those regularly used by the trial judge in almost every case where a defendant is sentenced to probation and no special condition is attached. This order was final and there was no right, nor could one be reserved, to add a new condition to the probation, unless the defendant violated a term of his probation and was granted a hearing on violation of probation. See Fla.R. Crim.P. 3.790(b); and Hines v. State, 358 So.2d 183 (Fla. 1978).
The State's position that the defendant agreed to the existence of a right in the trial judge to amend the order of probation is an attractive argument because a defendant ought not be allowed to take advantage of an error which he himself induced. See Gagnon v. State, 212 So.2d 337 (Fla. 3d DCA 1968). But the argument must fail because of the underlying principle that jurisdiction may not be conferred upon a judge by agreement of the parties. See Cancela v. State, 147 Fla. 500, 2 So.2d 859 (1941). In addition, as appears from this record, the defendant was not granted a hearing on the issue of whether the trial judge's attempted reservation of jurisdiction *41 included a situation where the defendant was not found guilty in the federal court but was, in the opinion of the judge who dismissed the charges, actually involved in illegal activities. We know of no authority for a judge, upon dismissing the case, to enter a finding of guilty. However, we will not remand the cause for a hearing on this issue inasmuch as we find that we must reverse upon the jurisdictional issue. Perhaps what occurred in this case is proof of the rule that in matters concerning the fundamental principles of justice and liberty of individuals, the record must be absolutely clear on the question of the legality of the proceedings. Cf. the basic tenets in Knapp v. Schweitzer, 357 U.S. 371, 378, 78 S.Ct. 1302, 2 L.Ed.2d 1393 (1958).
Thereupon, the sentence entered on the 4th of December, 1978, modifying the order of probation of June 26, 1978, so that, as a special condition of probation, the defendant should be confined in the Dade County Jail for a term of nine months is reversed, and it is directed that the defendant be released from custody under the terms of the order granting probation and fixing the terms thereof entered on June 26, 1978.
Reversed with directions.
SCHWARTZ, Judge (dissenting).
When Buckbee appeared for sentencing pursuant to his previously entered and to-this-day-unchallenged guilty plea, the trial judge was fully authorized to sentence him to the state prison or to county jail time as a condition of probation, as recommended both by the prosecution and the officer who conducted the pre-sentence investigation. Had the court then done so, the defendant would have no grounds even of arguable complaint. The trial judge, however, in effect, offered to give Buckbee a break in the form of the obvious advantage of delaying such a sentence until the outcome of the federal proceeding. Both the defendant and his counsel explicitly and eagerly accepted that offer.
The record clearly demonstrates the desire of the court to impose, as a "condition" of the initial probation, the requirement that Buckbee be shown, as the judge said, to have "had no part" in the federal case  a condition which was not fulfilled. The transcript even more plainly shows the acquiescence and agreement of the defendant to that condition, an agreement which expressly renounced the very claim of illegality which he sought to raise only after the condition of probation had been violated:
THE COURT: I will sentence the defendant to three years probation with reservation of my right to modify that probation as a result of what happens in the Federal case and set it for report November 20 at 1:30 to make a determination.
I do not want to punish him unfairly if he had no part, but if he did, I will punish him.
MR. MILLER [prosecutor]: If we may, can we get a stipulation from the defendant and counsel that sentence within Your Honor's discretion is amenable to them. Otherwise, I am not certain of the legality of the sentence.
THE COURT: I am putting him on three years probation with a special condition pending the disposition of the Federal case.
MR. MILLER: I am not sure of the legality. I would just prefer to be on the safe side.
THE COURT: Okay.
MR. BRANDT [defense counsel]: No objection.

THE COURT: We can withhold the sentence altogether until then.
MR. BRANDT: If Your Honor wishes.
THE COURT: I would rather put him on three years probation but reserve the right to modify it.
I want him on probation now so that he does not get in more trouble.
Do you have an objection to my sentencing him in this manner?
MR. BRANDT: No, sir.

THE COURT: Sir, have you got an objection with it?
MR. BUCKBEE: No, sir.

THE COURT: Report back here November 20 at 1:30, sir.

*42 Hopefully, you will have a disposition of the Federal trial by then, favorable or unfavorable, but if not, bring it to the attention of the Court, and I will withhold adjudication, again reserving the right to adjudicate from what the Federal results indicate. [e.s.]
Under these circumstances, I believe that affirmance is required upon the application of the well-settled rule which is expressed as follows in Brown v. State, 305 So.2d 309, 310 (Fla. 4th DCA 1974):
Probation is a matter of grace and when the defendant chose to accept the conditions of his probation he can not now, having violated those conditions, challenge the order. If he had any grievance, he could have either refused probation or appealed the order and its contents. Section 924.06(2) F.S. 1973; Hardrick v. State, 293 So.2d 135 (2d DCA Fla. 1974).
Accord: King v. State, 373 So.2d 78 (Fla. 3d DCA 1979); Stuart v. State, 353 So.2d 165 (Fla. 3d DCA 1977); see Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA 1978); cf. also Helton v. State, 106 So.2d 79, 81 (Fla. 1958). As was stated in the more general terms of the doctrine which precludes the successful assertion of inconsistent positions in McPhee v. State, 254 So.2d 406, 411 (Fla. 1st DCA 1971):
Had the action by the state attorney and the court been taken either without the participation and acquiescence of appellant or over his objection, the error would be one which would require reversal of the judgment of conviction and granting of a new trial. Since, however, the error was induced and brought about as a result of the active urging by appellant, the verdict should be sustained and the judgment affirmed.
I believe the majority is wrong in concluding that these principles may not be applied in this case "because of the underlying principle that jurisdiction may not be conferred upon a judge by agreement of the parties." The trial court surely did not lack "jurisdiction" subsequently to revoke Buckbee's probation within the period provided and thereupon to impose a perfectly lawful sentence for the crime involved  probation with a condition of a nine-month jail sentence. Moreover, that the condition was not included in the initial formal written order of probation is of no significance since it is undisputed that the condition was actually imposed at the sentencing, and that the defendant was not only entirely aware of that fact, but affirmatively acquiesced in it. See D'Agostino v. State, 334 So.2d 99 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1080 (Fla. 1977); Pickman v. State, 155 So.2d 646 (Fla. 3d DCA 1963), cert. denied, 164 So.2d 805 (Fla. 1964). Thus, the sequence of events is not properly viewed as one in which an "additional" penalty was imposed subsequent to sentencing, but rather one in which the records of the court were properly corrected nunc pro tunc so as to reflect what everyone knew had in fact taken place. See Boggs v. Wainwright, 223 So.2d 316 (Fla. 1969); Perry v. State, 357 So.2d 425 (Fla. 3d DCA 1978), cert. denied, 364 So.2d 889 (Fla. 1978).
The fact of the matter is that if Buckbee or his lawyer had objected at the hearing to the trial judge's proposal, the court could and almost certainly would have sentenced him either at that time or at a postponed sentencing to precisely what he later received. Because, however, the defendant did not object and indeed did just the opposite, he has now been relieved of the burden of that sentence. The effect of the majority's conclusion is therefore to permit Buckbee to reap the benefits of having affirmatively misled the court. I do not agree with that result.
NOTES
[1] The state, relying on the following, argues that the amended order should be affirmed because the defendant agreed to the condition:

"THE COURT: Here is what is bothering me: I agree with you that but for the involvement in the Federal case, possession of this amount of marijuana would not justify any long-term imprisonment. He has no prior drug history.
"If, in fact, he is guilty of the charge in the Federal Court, obviously he is in it for money. If he is in it for the money, in it for profit, he knows the risks.
"What I intend is to put him on three years probation.
"I intend to re-evaluate and reserve the right to sentence to jail time if, in fact, he is found guilty of the Federal offense, in light of the sentence imposed by the District Judge.
"What I am suggesting to you, if, in fact, you are found guilty of any part, at all, in the conspiracy to import that large amount of marijuana, I will tell you now that I intend to modify the probation and impose state jail time in addition to Federal time. I really could not care less what punishment they give.
"If you are found innocent, I will agree that probation is sufficient under those circumstances.
"What I will do, then, is set it for report in three months. The trial before Fulton is set sometime this fall  I will set it for November 20 at 1:30 in the afternoon.
"I will sentence him then.
"Do you have anything further you would like to add?
"MR. BRANDT: No, sir."
* * * * * *
"THE COURT: I would rather put him on three years probation but reserve the right to modify it.
"I want him on probation now so that he does not get in more trouble.
"Do you have any objection to my sentencing him in this manner?
"MR. BRANDT: No, sir.
"THE COURT: Sir, have you got an objection with it?
"MR. BUCKBEE: No, sir."