407 So.2d 1078 (1982)
Joseph WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. YY-262.
District Court of Appeal of Florida, First District.
January 5, 1982.
Michael Allen, Public Defender, and David J. Busch, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant Joseph Wilson challenges the propriety of an order revoking his probation for failure to make restitution to the victim of his crime. He asserts that he was unable to make payments due to insolvency and the court did not expressly find to the contrary and did not previously set the amount of restitution due.[1] We affirm.
Appellant entered a plea of guilty to a charge of grand theft. In September 1978, the lower court placed him on probation for two years contingent upon his compliance with 10 conditions, one of which required him to make full restitution to the victim of his crime. The court did not set the amount of restitution due. The appellant made no objection to any of the conditions or their content. His probation officer then determined that he would be responsible for making restitution in the amount of $329.26.
The record indicates that the appellant was employed during 1979 and up until May 16, 1980. Thereafter he was apparently unemployed. During the entire probation period he made one $10 payment toward restitution. His probation officer advised him that he would have to make efforts to fulfill the conditions of his probation. Upon appellant's continuing failure to do so, his probation officer sought revocation of probation and an order of revocation was entered.
The law requires that a defendant shall be given notice of a proposed restitution order and allowed to be heard as to the amount of damages or loss caused by his offense. Fresneda v. State, 347 So.2d 1021, 1022 (Fla. 1977). The defendant may be notified prior to the sentencing hearing that restitution is a possibility and allowed to be heard at the hearing, or the issue of restitution *1079 as a probation condition may be raised by the judge at the sentencing hearing. If the defendant contests the proposed restitution condition at that time, he is entitled to continuance of the hearing for a reasonable time in order to allow adequate preparation to be heard on the issue. Goodson v. State, 400 So.2d 791, 793 (Fla. 2d DCA 1981).
Although appellant did not object to the conditions imposed, he now asserts the absence of judicial prescription of amount of restitution in defense against his probation revocation for violation of that condition. Decisions cited are those which reverse an order imposing a probationary condition of restitution without setting the amount, and remand so that the amount of restitution can be properly set. Hamm v. State, 403 So.2d 1155 (Fla. 1st 1981); Buford v. State, 376 So.2d 479 (Fla. 1st DCA 1979). Those cases, however, obviously involve direct and timely appeals from a trial court order setting the conditions of probation.
While the court in this case should have specified the amount of restitution due, it is clear that appellant made no objection to the condition of restitution at the time it was set by way of the procedures set forth in Fresneda and Goodson. Additionally we note that he made one payment toward restitution, and presents no evidence that he ever objected on the point in question to his probation officer or during the probation revocation hearing. His concession to the propriety of the condition and the amount of restitution is implicit. Appellant has failed to demonstrate any prejudice.
At the probation hearing the court determined that appellant was employed from 1979 until May 15, 1980; that he was financially able to make restitution payments during that period; and that he failed to do so. Upon consideration of those findings, which are supported by competent substantial evidence, we affirm. I.P.J. v. State, 402 So.2d 1373 (Fla. 1st DCA 1981); Coxon v. State, 365 So.2d 1067, 1068 (Fla. 2d DCA 1979).
ERVIN and JOANOS, JJ., concur.
NOTES
[1] While appellant complains that his probation was improperly revoked due to a violation of other conditions, we find no evidence to support these allegations.