NESBITT, Judge.
The ¡defendant was charged in a three-count information with possession of cocaine, phencyclidine and less than twenty grams of cannabis. He entered a plea of nolo contendere to the possession of cocaine charge and the state announced a nolle prosequi on the other two counts. The trial court entered a finding of guilt, withheld adjudication of guilt, and placed the defendant on probation. The defendant appeals an order modifying the special conditions of his probation.
When the court placed the defendant on probation, it imposed a condition that he enter a drug rehabilitation program. The parties contemplated that he would enter a program in his home state of New Jersey. The defendant subsequently petitioned the trial court for permission to leave Dade County to go to New Jersey and enter a rehabilitation program there. The trial *1110 court granted this petition, but in doing so imposed the additional condition that the defendant not engage in any gambling activity while in New Jersey. The defendant is a professional gambler.
Relying on Buckbee v. State, 378 So.2d 39 (Fla. 3d DCA 1979), the defendant contends that, in the absence of an affidavit alleging a violation of the terms and conditions of probation, the trial court was without jurisdiction to enter the modification order. We recently overruled Buckbee in Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA 1983), recognizing that an order aggravating the terms of probation does not raise a jurisdictional problem. Rather, when there is no record basis for modifying the terms of probation; doing so places the defendant in double jeopardy. Since there was no such substantial record basis to support the order enhancing the conditions of the defendant's probation, we vacate that portion of the order appealed from which prohibited Anderson from engaging in gambling activity.
Affirmed as modified.