WENTWORTH, Judge.
Appellant seeks review of an order revoking his probation and sentencing him outside the recommended guidelines range to four years incarceration. He contends the trial court erred in finding that he willfully violated a condition of probation requiring him to write a letter of apology to a law enforcement officer, and in sentencing him outside the recommended guidelines range of community control or 12 to 30 months incarceration. We affirm, but remand the case for correction of the order of violation of probation so as to conform to the trial court’s oral pronouncements, referencing only a violation of the letter condition.
The trial court initially imposed the condition of probation requiring appellant to write a letter of apology on November 17, 1986, following entry of appellant’s plea of nolo contendere to charges of carrying a concealed firearm, possession of cannabis and possession of cocaine, and placing appellant on probation for three years, to run concurrently on each count. The trial court revoked the probation on April 20, 1987 following appellant’s admissions to violations of the probation including the letter condition, and sentenced appellant to 30 months incarceration followed by one year probation upon the same original conditions. This court affirmed the conviction and sentence. Thomas v. State, 522 So.2d 390 (Fla. 1st DCA 1988). Appellant began serving the one-year term of probation on December 23, 1987, and the state on June 1, 1988 filed an affidavit of violation of probation, alleging as grounds appellant’s failure to write the letter of apology, his arrest for assault, and failure to perform 60 hours of community service, all conditions imposed in the November 17, 1986 order. Appellant wrote the letter of apology on May 26, 1988, two days after his arrest for assault. At the hearing on the violation of probation, the court found a violation only with respect to the letter, although the state did not present the probation officer to testify as to his instructions to appellant regarding the letter, and no date by which the letter was to be written was included in the 1986 or 1987 order. We find nevertheless that the court could properly conclude that appellant’s failure to write the letter for a period of one and one-half years after imposition of the special condition would be construed as a willful violation of the terms of probation. Scott v. State, 485 So.2d 40 (Fla. 2d DCA 1986).
We affirm the sentence, finding the court’s reliance upon appellant’s repeated violations of probation a valid reason for departure from the recommended guidelines sentence. See Booker v. State, 514 So.2d 1079 (Fla.1987).
The case is remanded for conformance of the order of violation of probation to the trial court’s oral pronouncements.
ERVIN and BOOTH, JJ., concur.