PER CURIAM.
Appellant owned a residence at 500 West Conference Drive in Boca Raton. Appellant was placed on probation in 1985. One of the conditions of his probation stated, “Defendant not allowed to reside temporarily or permanently 'within the Paradise Palms Development in Boca Raton nor within five miles of 500 West Conference Drive.” In 1988, pursuant to this condition, appellant and his family moved from his residence and leased the premises to others. Appellant alleged in a motion for clarification of the residence restriction of his probation that it was necessary for him to return to the residence to maintain landscaping and to perform other maintenance duties. The trial court’s order on the motion for clarification stated in part:
This court interprets the language of the aforementioned condition of probation to mean that the defendant is prohibited from going to the residence at 500 West *1290 Conference Drive for purposes of routine maintenance.
Specifically, the court determines that routine maintenance such as painting the house or mowing the lawn is an adjunct of residing at the residence and is therefore prohibited by the order of probation.
In Anderson v. State, 444 So.2d 1109 (Fla. 3d DCA 1984), the Third District Court of Appeal stated:
We recently overruled Buckbee [Buckbee v. State, 378 So.2d 39 (Fla. 3d DCA 1979) ] in Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA 1983), recognizing that an order aggravating the terms of probation does not raise a jurisdictional problem. Rather, when there is no record basis for modifying the terms of probation, doing so places the defendant in double jeopardy. Since there was no such substantial record basis to support the order enhancing the condition of the defendant’s probation, we vacate that portion of the order appealed from which prohibited Anderson from engaging in gambling activity.
Id. at 1110.
We find no record support for the trial court’s interpretation of the original order of probation. At the hearing on appellant’s motion, the trial court itself recognized the difficulty in its interpretation of the prior order:
THE COURT: Here’s my problem: I’m stuck with the language that they used when they entered that sentence. And I agree with you. I understand the effect that that could have on a child. I sat in Juvenile Court long enough to understand that. •
But, I mean, technically speaking, he’s not prohibited from going into the neighborhood. He’s just prohibited from residing in the neighborhood; however, I reside in my house and I have to do repairs on my house. And I guess if you live in a condo, you don’t have to.
But, it’s an aspect or an adjunct, or something, of maintaining a residence.
I know I’m out on a limb, and I wouldn’t be surprised if you couldn’t get me reversed. But I’m just going to go ahead and construe that as saying he can’t go in the neighborhood until 1993. All right.
We hold that, in effect, the trial court added an additional condition of probation by prohibiting appellant from going to the residence at 500 West Conference Drive for the purpose of routine maintenance. Accordingly, the trial court’s order on appellant’s motion for clarification of the terms of probation is reversed.
REVERSED.
ANSTEAD and DELL, JJ., concur.
STONE, J., dissents with opinion.