## STATE OF FLORIDA v LIPPMAN
### Case No. 87-12287
Eleventh Judicial Circuit, Dade County
April 9, 1990

### APPEARANCES OF COUNSEL

**Luis Perez, Esquire,** Assistant State Attorney, for plaintiff.
**Louis Campbell, Esquire,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

*ORDER DENYING MOTION FOR POST-CONVICTION RELIEF PURSUANT TO RULE 3.850, FLA. R. CRIM. P.*

The defendant, TIMOTHY BRYAN LIPPMAN, moved pursuant to Rule 3.850, Fla. R. Crim. P., to vacate a guideline sentence of 12 years

after being found in violation of probation. On February 20, 1990 such sentence was affirmed and this motion ensued.

The defendant originally pled "nolo contendere" to a reduced charge of attempted sexual battery and subsequently placed on probation. Subsequently an affidavit alleging a violation of probation was filed and the defendant was arraigned and released on bond. The affidavit was later dismissed because the State was not ready, but subsequently refiled by the probation officer. At the new arraignment the Court, *without objection* from the defendant or his counsel, ordered that the defendant's probation be extended by five years and be further modified by adding the following conditions:

1. That he participate in, pay for and successfully complete the Mentally Disorder Sex Offender Program with Dr. William Samek.

2. That he not hold any jobs or participate in any programs where he would be wearing a police type uniform or use any police type equipment (e.g. security guard, fireman, rescue worker, civil defense, crime watch, neighborhood watch, etc.)

3. That he have no contact (written or telephonic) with any minor children, including minor relatives unless approved by his therapists, his siblings therapist and his Probation Officer.

All of these conditions were contemplated in the original plea. The defendant's probation was revoked on December 13, 1988 after an extensive hearing. The Court found that he had violated the no-contact with children condition by being at his parents' house. The defendant was adjudicated guilty and sentenced to twelve years in prison (the lowest end of the guidelines). Such sentence was affirmed by the Third District Court of Appeals on February 20, 1990.

The Court denies the Motion to Vacate. First, the transcript of the May 26, 1988 hearing shows that defense counsel, in the presence of the defendant, argued for less restrictive conditions of modification. However, there was no objection to the modifications by counsel or his defendant. Therefore an objection not made is waived. Furthermore, such issue should have been raised on direct appeal. Therefore that claim is procedurally barred in this post conviction proceeding. "It is well settled that issues raised and disposed of on direct appeal, as well as those which would have and should have been raised on direct appeal, are not the proper subject matter for a post-conviction motion." *Foster v State* 400 So.2d 1 (Fla. 1981).

In addition, contrary to the cases cited by the defendant, in this case

184

there was an affidavit alleging violations of probation. In fact, two affidavits were filed, plus sex therapist Dr. Samek's letter presenting a factual basis for modifications. As a result of such factual basis, the modifications were *not* objected to at the time. Furthermore, no appeal was taken from the modification order. Thus the defendant agreed to the Court's modifications.

The cases cited by the defendant are inapplicable. *Brentelli v State*, 15 FLW D265 (5th DCA January 25, 1990) reversed a modification order where there was no violation. Here there was never an objection to the modification order, nor did the defendant appeal. Furthermore a violation hearing was held on the new affidavit. *Anderson v State*, 444 So.2d 1109 (3d DCA 1984) is clearly distinguishable because no affidavit was present in that reported case. Under the facts of this case there were two affidavits and Dr. Samek's letters plus the defendant's own statements at the arraignments. All of these facts provide a substantial basis to support the order modifying the probation thus precluding a double jeopardy challenge.

The motion is denied without the necessity of an evidentiary hearing because the transcripts of May 26, 1988 and December 14, 1988, hereby attached support such denial. The defendant has 30 days to appeal this order and same counsel is appointed for such purpose.

DONE and ORDERED in Open Court in the presence of the defendant and his counsel, this 19th day of April, 1990.