COPE, Judge.
Timothy Lippman appeals the trial court’s denial of his motion for post-conviction relief. We affirm.
Lippman pled no contest to three counts of attempted capital sexual battery. Pursuant to a plea agreement, the trial court sentenced Lippman to two years probation with the special condition that Lippman receive psychiatric treatment. In accordance with the agreement, Lippman began psychiatric treatment.
Eight months into his probationary term, Lippman’s probation officer filed an affidavit of violation.[1] The affidavit stated that Lippman refused to resign from his volunteer job at the Florida City Police Department and that he refused to remove police department decals from his car. The affidavit also stated that Lippman was arrested for impersonating a police officer, loitering and prowling, and unlawful use of radio equipment.[2] Lippman was working at the time as a security officer.
When the case initially came up for a probation violation hearing, the trial court reviewed the affidavit of violation and stated that it did not appear Lippman had violated his probation. The court was concerned that the alleged violations of law appeared to arise from defendant’s wearing of a uniform in connection with his security officer job. The court wanted to *192 spell out more clearly what conduct was proscribed, rather than proceeding on the affidavit as filed. Accordingly, the court suggested that Lippman’s probation be modified to include specific details about what types of jobs Lippman would be unable to hold due to his status as a sex offender. The hearing was continued.
Several days later, the case again came up for a probation violation hearing before a different circuit court judge. Lippman’s public defender informed the court that the case was on the calendar as a motion to modify probation. The State told the court the case was up for a probation violation hearing. Lippman’s probation officer was present and outlined the exact modifications the State was seeking, which included requiring Lippman to stay away from the minor victim (who was one of Lippman’s siblings), to refrain from working as a uniformed security officer, and to successfully complete the Mentally Disordered Sex Offender Program. The court decided to continue the case so that the original judge could hear it. When the case came up again before the original circuit court judge, he dismissed the affidavit because Lippman’s probation officer was not present.
Several days after the affidavit was dismissed, Lippman’s probation officer refiled the same affidavit of violation of probation. The trial judge stated that he did not want to proceed on the probation violation. However, the judge again stated that the probation should be modified so as to make the supervisory conditions very clear. The court suggested that the State withdraw the affidavit, which the State did. The court then went on to state that it was inclined to modify Lippman’s probation if the State orally moved for a modification of probation. Once again, the State complied and made an oral motion for modification.
During this hearing, Lippman’s probation officer informed the court that she was seeking a modification of Lippman’s probation because Lippman’s therapist was concerned about Lippman’s progress. Prior to the hearing, the trial court had received a letter from Lippman’s therapist, who Lippman had been seeing as part of his court-ordered psychiatric treatment.[3] The court gave Lippman and his attorney a copy of the letter and briefly recessed the hearing to give them a chance to review it.
In the letter, the therapist stated that Lippman was not responding well to treatment and the therapist asked the court to modify Lippman’s probation.[4] The therapist asked the court: 1) to extend Lippman’s probation five years, 2) to order Lippman to participate in, pay for, and successfully complete a group Mentally Disordered Sex Offender program, 3) to instruct Lippman that he could not hold any jobs or participate in any programs where he would be wearing a police-type uniform or use any police-type equipment, and 4) to instruct Lippman that he have no contact with his immediate family until the family entered a program for family members of mentally disordered sex offenders and all therapists gave their approval.[5] After hearing from Lippman, his attorney, and members of Lippman’s family, the court entered an order modifying Lippman’s probation as suggested by the therapist, with the exception that Lippman was only prohibited from having contact with his minor siblings instead of his entire family as recommended by the therapist. Lippman did not appeal the order.
*193 Seven months after the probation modification order was entered, another affidavit of violation of probation was filed. The affidavit stated that Lippman violated his probation by having contact with his minor siblings.[6] After an evidentiary hearing, the trial court revoked Lippman’s probation and sentenced him to twelve years in prison. Lippman appealed the order of revocation only on the ground that the court’s order of revocation was not supported by the evidence. This court affirmed the judgment and sentence.[7]
Lippman moved for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. He argued that the order modifying his probation was imposed in violation of his constitutional right against double jeopardy. Because his probation had been revoked based on one of the conditions contained in the modification order, Lippman argued that his incarceration was imposed in violation of the double jeopardy clause. The trial court denied Rule 3.850 relief and Lippman has appealed.
As a preliminary matter, we need not reach the issue of whether the portion of the probation order which extended Lippman’s probation from two to seven years was objectionable on double jeopardy grounds. That is so because Lippman’s probation was revoked during the original two-year probationary term. Lippman never completed the initial two years and never began serving the five-year extended term.[8] The probation has now been revoked and any question regarding the five-year extension is now moot.
We next consider the modification to the probation order for which Lippman’s probation was revoked—the requirement that Lippman refrain from contact with his minor siblings. This requirement was not in the original probation order, but was added by the modification order. We conclude that the modification order did not violate the double jeopardy clause.
To begin with, probation is “a form of community supervision requiring specified contacts with parole and probation officers and other terms and conditions as provided in s. 948.03.” § 948.001(2), Fla. Stat. (1987). See generally Larson v. State, 572 So.2d 1368, 1370-72 (Fla.1990). Section 948.03, Florida Statutes (1987), confers broad authority on the trial court to “determine the terms and conditions of pro-bation_” Id. § 948.03(1). The statute also provides: “The enumeration of specific kinds of terms and conditions shall not prevent the court from adding such other or others as it considers proper. The court may rescind or modify at any time the terms and conditions theretofore imposed....” Id. § 948.03(7).
In the present case the trial court had the statutory authority to add the proscription against contact by the defendant with the minor victim and minor siblings. Lippman argues, however, that the no-victim-or-minor-sibling-contact prohibition constituted an additional punishment which violated the double jeopardy clause. We disagree.
For purposes of double jeopardy analysis, the United States Supreme Court’s “decisions in the sentencing area clearly establish that a sentence does not have the qualities of constitutional finality that attend an acquittal.” United States v. DiFrancesco, 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328, 344 (1980). The double jeopardy clause does not impose a rule against modification of probation orders. Instead, the inquiry is whether there has been an impermissible increase in the penalty imposed. See id. at 132-39, 101 S.Ct. at 434-38, 66 L.Ed.2d at 342-47; see also, e.g., Clark v. State, 579 So.2d 109 (Fla.1991) (increase of penalty from community control to residential custody); State v. Johnson, 483 So.2d 420 (Fla.1986) (increase of penalty from 90 days incarceration to 13 years); cf. Anderson v. State, 444 So.2d 1109, 1110 (Fla. 3d DCA 1984) *194 (where no record basis for modification and modification deprived defendant of livelihood, modification placed defendant in double jeopardy).
It is self-evident that the order prohibiting contact with the minor victim and minor victim’s siblings is not a new, additional, or enhanced punishment within the meaning of the double jeopardy clause. It is a supervisory order entered for the protection of the victim and victim’s siblings. It was plainly not imposed as a sanction but on the contrary to safeguard those in need of protection. A provision of a modification order which protects a victim of crime from contact by a probationer is not a penalty for purposes of double jeopardy analysis and is not prohibited by the double jeopardy clause.
So far we have accepted for purposes of discussion Lippman’s contention that the no-victim-or-minor-sibling-contact limitation was a new term of his probation, added by the modification order. See § 948.03(7), Fla.Stat. (1987) (first sentence). It is our view, however, that the modification is also accurately characterized as a modification of an existing condition of probation. See id. (second sentence). It is well settled that a court can modify a term or condition previously imposed. Clark v. State, 579 So.2d at 110 n. 3.
Lippman’s original probation order in- . eluded a requirement that he undergo psychiatric treatment. After a period of treatment, Lippman’s therapists made four recommendations to the court. One of these was that Lippman “have ... no contact with any member of his immediate family until they are in a program for family members of [mentally disordered sex offenders] and all the therapists involved give their approval.”[9] The trial court modified the recommendation so as to proscribe contact with the minors in the family, but not the parents. We conclude that the proscription against minor sibling contact is fairly viewed as a modification of an existing probation condition rather than the imposition of a new condition.
For the reasons stated, the provision of the modification order at issue here did not violate the double jeopardy clause of either the Florida or federal constitution. In our view, the analysis outlined here properly applies the teaching of the Florida Supreme Court and the United States Supreme Court. In an abundance of caution, and because orders protecting victims and orders ancillary to psychiatric and psychological counseling programs are entered with regularity, we certify that we have passed on two questions of great public importance:
1. Whether an order modifying probation by prohibiting contact between probationer and victim or victim’s minor siblings (for the purpose of protecting the victim and siblings) constitutes an additional punishment proscribed by the double jeopardy clause?
2. Where a probationer is undergoing psychiatric treatment for a sexual offense as a condition of probation, does a probation modification order prohibiting contact between probationer and victim or victim’s minor siblings constitute a modification of an existing probation condition or an additional punishment proscribed by the double jeopardy clause?
Affirmed; questions certified.

. The affidavit provided in pertinent part:
Affiant further states that the probationer has not properly conducted himself, but has violated the conditions of his probation in a material respect by Violation of Conditions: 5) By failing to live and remain at liberty without violating any law, in that, on or about April 21, 1988, in Dade County, Florida, the probationer did commit the offense of Impersonating an Officer, in violation of Florida Statutes.
Furthermore, on or about April. 21, 1988, in Dade County, Florida, the probationer did commit the offense of Unlawful Use of Radio Equipment, in violation of Florida Statutes. Furthermore, on or about April 21, 1988, in Dade County, Florida, that probationer did commit the offense of Loitering and Prowling, in violation of Florida Statutes.
8) By failing to comply with all instructions given to him by his Probation Supervisor, in that, on or about January 5, 1988, the probationer was instructed to remove Florida City Police Department decals from his vehicle, and was further instructed to resign from his volunteer job at the Florida City Police Department, and this he failed to do as evidenced by Metro Dade Police Department Report # 1983921.

. These charges were later dropped.

. The letter was also signed by the Director of the Sexual-abuse Treatment Outpatient Program (STOP).

. The doctor’s letter stated in part:
Timothy Lippman’s recent arrest for impersonating a police officer and possession of illegal radio equipment is of great concern because it has been our experience in the past that sexual offenders who manifest this type of behavior (the inappropriate use of authority and the acting as a police officer) often later become involved in further sexual offending. [Lippman] commenced treatment in STOP (the Sexual-abuse Treatment Outpatient Program) on 10/6/87. His attendence has not been good, he has not listened to the recommendations made by the group, and he has not yet made any significant lasting gains. He still clearly fits the profile of a Mentally Disordered Sex Offender (MDSO) and he needs to continue in an MDSO program until he successfully completes it.

.As previously stated, the victim in this case was one of Lippman’s minor siblings.

. The affidavit also alleged a change of residence without consent of the probation officer. The court found that there was insufficient evidence to support this allegation.

. Lippman v. State, 559 So.2d 1148 (Fla. 3d DCA 1990).

.The original probation order was entered September 22, 1987, for a two-year probation term. The modification order was entered May 22, 1988. An affidavit of violation was filed December 6, 1988. Probation was revoked December 14, 1988.

. The other recommendations were outlined at the outset of this opinion.