603 So.2d 1353 (1992)
Joseph M. RUSSO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2545.
District Court of Appeal of Florida, First District.
August 17, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant, Joseph M. Russo, seeks review of an order revoking his community control. The questions for our determination are the propriety of the modification of the conditions of community control without a violation, and the addition of a new condition to the original community control order without a hearing. We reverse.
Appellant pled nolo contendere to two offenses, and was placed on community control for a period of one year, to be followed by probation for one year. The community control and probation orders both contained the following condition: "The court retains jurisdiction to place you in the Probation and Restitution Center upon recommendation of your Probation/Community Control Officer without the finding of Violation of Probation/Community Control." This provision appears as condition sixteen of the community control order, and as condition nine of the probation order.
Five months later, an order was issued modifying the original community control order in the following manner:
By addition of special condition (23) which states, "the aforesaid shall reside at the Probation and Restitution Center until successfully terminated."
Subsequently, an affidavit of violation of community control was filed. The affidavit alleged that appellant violated condition three of his community control by leaving his approved place of residence at the Pensacola Probation and Restitution Center without prior knowledge or consent of his community control officer, and violated condition twenty-three (the special added condition) by failing to complete the program at the probation and restitution center as ordered by the court.
*1354 At the violation of community control proceeding, appellant's counsel argued the modification of community control without a hearing was illegal, thus there were no grounds for violation of community control. The trial court disagreed, finding that condition sixteen of the community control order permitted the court to add condition twenty-three. Appellant pled nolo contendere, reserving the right to appeal the propriety of the added condition of community control. The trial court adjudicated appellant guilty of violation of community control, revoked community control, and imposed a county jail sentence of eleven months and fifteen days.
Section 948.03, Florida Statutes (1989) outlines the terms and conditions of probation or community control. Subsection (8), applicable to the issues in this case, provides in pertinent part:
(8) The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper. The court may rescind or modify at any time the terms and conditions theretofore imposed by it upon the probationer or offender in community control... .
The provision has been construed to permit the trial court to add, at the time of the original sentencing, conditions of probation or community control other than those enumerated in the statute. Any subsequent modification must be limited to a term or condition previously imposed. For example, in Clark v. State, 579 So.2d 109 (Fla. 1991), the court considered the effect of a waiver signed by the defendant which stated that the defendant waived his right to assistance of counsel and to a hearing on any modification of his community control. In Clark, as in the instant case, the modification required Clark to enter a probation and restitution center. Subsequently, an affidavit of violation of community control was filed, alleging that Clark violated his community control by terminating his residence at the center without permission, and by failing to remain at the center as required. After a hearing, the trial court revoked probation, adjudicated guilt, and imposed sentence. The supreme court held:
The trial court erred in this case by enhancing the terms of Clark's community control without notice and hearing. Section 948.06, Florida Statutes (1987), provides the sole means by which the court may place additional terms on a previously entered order of probation or community control. Before probation or community control may be enhanced, either by extension of the period or by addition of terms, a violation of probation or community control must be formally charged and the probationer must be brought before the court and advised of the charge following the procedures of section 948.06. Absent proof of a violation, the court cannot change an order of probation or community control by enhancing the terms thereof, even if the defendant has agreed in writing with his probation officer to allow such a modification and has waived notice and hearing. 579 So.2d at 110-111.
At footnote 3 of the opinion, the court recognized that section 948.03(7) permits the court to rescind or modify at any time the terms and conditions previously imposed upon the offender in community control, but ruled the statute inapplicable "because the court did not modify a term or condition previously imposed. Rather, it added an entirely new condition to the order of community control." 579 So.2d at 110. The court quashed the district court decision, and remanded with instructions to vacate the order of modified community control, the order revoking community control, the adjudication of guilt, and the sentence of imprisonment. Id.
A similar result obtained in Rock v. State, 584 So.2d 1110 (Fla. 1st DCA 1991). While Rock was serving a term of probation, the trial court entered an order modifying the terms and conditions of probation, by adding a condition that Rock enroll in and successfully complete an alcohol treatment program. The modification was based upon a written acknowledgment and waiver executed by Rock, in which he waived his right to notice and a hearing and agreed to the addition of two proposed *1355 conditions of probation. Subsequently, an affidavit of violation of probation was filed, charging Rock with violation of an original condition of probation, and violation of the newly added condition by failing to attend an alcohol treatment program. Rock's probation was revoked, and he was sentenced to incarceration. Finding that Clark mandated such result, this court vacated the modification order, and the portion of the revocation order based on the violation of the added condition of probation. 584 So.2d at 1112. See also Weidmann v. State, 582 So.2d 1251, 1252 (Fla. 2d DCA 1991); Brenatelli v. State, 555 So.2d 1315, 1316 (Fla. 5th DCA 1990).
The record in this case reflects that the trial court added a new condition of community control without notice and hearing, when there had been no violation of community control. Although the condition that appellant reside at the probation and restitution center could have been imposed at the original sentencing, in Clark, the supreme court held unequivocally that absent a violation or notice and hearing, imposition of the new condition was improper. In view of the Clark decision, and the decision of this court in Rock, the order revoking appellant's community control must be reversed.
In this regard, we conclude the state's reliance upon Lippman v. State, 595 So.2d 190 (Fla. 3d DCA 1992), is misplaced. The primary issue in Lippman was whether the modification of the probation order, directing that Lippman refrain from contact with his minor siblings, violated the double jeopardy clause. The third district concluded the requirement that Lippman have no contact with the minor victim and the minor victim's siblings was not a new, additional, or enhanced punishment within the meaning of the double jeopardy clause. Rather, it was termed a supervisory order for the protection of the victim and the victim's siblings. The court went on to note that the modification could be characterized as a modification of an existing order of probation, rather than as a new condition.
Accordingly, the modification order and the revocation order based thereon are vacated. To the extent that Lippman may be read as inconsistent with this decision, we certify conflict with a ruling of the Third District Court of Appeal on a similar point of law.
KAHN and WEBSTER, JJ., concur.