PER CURIAM.
Appellant, former husband, challenges a post-dissolution order awarding the former wife child and spousal support, and equitably distributing the marital assets. In addition to challenging the awards of lump sum alimony and child support, the former husband objects to that portion of the order relating to the marital home. Because there is some confusion concerning the treatment of the marital home, we must vacate all the challenged provisions and remand the case for reconsideration in light of the following.
The former husband was granted exclusive possession of the marital home pending its sale, and was ordered to continue paying the ownership expenses, including tax and mortgage payments. The trial court’s order does not address the issue of credit for these expenses, stating only that the sale proceeds should be divided equally. Under the mistaken belief that the trial court’s order constitutes a denial of credit, the former husband now argues that the *1272 arrangement is “clearly inequitable” in permitting the former wife to retain her one-half interest in the property exclusively at former husband’s expense. According to the former husband, fairness requires that he be awarded the home if he is to be solely and ultimately responsible for the ownership expenses. The former husband’s misconception concerning credit is shared by the former wife, who seeks to justify the supposed denial of credit as a means of charging the husband for the home’s rental value.
The order under review does not address the husband’s right to credit for ownership expenses, and we are unable to interpret the order as denying credit. A cotenant’s right to reimbursement for ownership expenses exists apart from any judgment or agreement. Such right is an implied term of any judgment that is silent on the issue. Goolsby v. Wiley, 547 So.2d 227, 228 (Fla. 4th DCA 1989).
The marital home presents a considerable financial burden, with mortgage and property tax payments alone amounting to $4,000 per month. Substantial decreases in market value wiped out the parties’ equity in the home, and both parties testified that they viewed the house as a burden. The former wife has an imputed income of less than $25,000 per year and, even taking into account the sums awarded as alimony, she may find it impossible to reimburse the former husband should she be called upon to do so. The former husband’s annual income exceeds $160,000, and he is in a much better position to carry the obligation that the house presents.
By failing to address the question of reimbursement, and by continuing the parties’ cotenancy, the trial court’s order may subject the former wife to the possibility of a substantial financial obligation while preventing the former husband from taking over this obligation which he appears willing and able to do. On remand, the trial court must address the question of credit for ownership expenses. Because a decision on this question will necessarily affect the trial court’s overall plan for equitable distribution and support, we vacate all the provisions of the final judgment and remand for reconsideration.
Reversed and remanded for future proceedings consistent with this opinion.
ERVIN, MINER and WOLF, JJ., concur.