610 So.2d 616 (1992)
Mary JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3609.
District Court of Appeal of Florida, First District.
December 14, 1992.
*617 Louis O. Frost, Jr., Public Defender; Brian D. Morrissey, Asst. Public Defender, Fernandina Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Mary Jordan, appeals an order revoking her probation for failure to make reports to her probation officer by the fifth day of May, June, and July of 1991; to pay $30 per month for costs of supervision between February and July of 1991; and to pay $1,971 for restitution. Jordan contends (1) that her submission of reports prior to the revocation hearing satisfied that condition of probation; (2) that she believed her cost obligation had been waived; (3) that in the original probation order, the trial court improperly delegated the responsibility of determining the amount of restitution to her probation officer; and (4) that the evidence showed that Jordan did not have the ability to pay her monthly restitution obligation. We affirm in part, reverse in part, and remand for further proceedings.
The evidence at appellant's revocation hearing established that she had filed her reports for May, June, and July 1991 on September 3, 1991, and they were accepted by the Department of Corrections. She offered no reason for failing to file the reports.
Regarding the costs of supervision, which the order of probation required "unless otherwise waived," the probation officer testified that the requirement of paying costs was waived for the appellant between February 1989 and August 1989, and again between January 1990 and January 1991. The probation officer testified that he discontinued the waiver in February 1991 when he learned that appellant was no longer eligible for the waiver because she was then receiving too much money to qualify for waiver. He did not recall informing appellant that the costs would no longer be waived after February 1991, and he was not certain whether appellant understood that the costs were no longer waived. Appellant testified that she thought the costs of supervision were still waived and that she was not informed by *618 her probation officer that such obligation had been reimposed.
Regarding restitution, the original probation order directed appellant to "pay restitution in an amount determined by your Probation Officer as directed by the Probation Officer, by and through the Florida Department of Corrections." The violation affidavit indicated that appellant initially agreed with her probation officer to pay $2,721 restitution at the rate of $100 per month, beginning May 1, 1989. On July 20, 1990, she informally agreed with her probation officer to pay the remaining balance of $2,371 at the rate of $215.55 per month, beginning on August 10, 1990. The probation officer testified at the hearing that appellant owed a balance of $1,971. Jordan testified as to her income and expenses, indicating that, among other things, she was making monthly payments for cable television and an "entertainment center."
Based upon the foregoing evidence, the court revoked appellant's probation, adjudicated her guilty of grand theft, and sentenced her to 12 months in the Nassau County Detention Facility.
As to the first issue relating to the submission of monthly reports, appellant relies on the Third District's opinion in Hoshaw v. State, 533 So.2d 886 (Fla. 3d DCA 1988), holding that once the defendant's late reports had been filed and accepted by the probation officer, "late filing no longer amounted to a probation violation." Id. at 887. This court, however, has held that the failure to file reports as required by the order constitutes a violation of probation sufficient to support revocation. McPherson v. State, 530 So.2d 1095, 1098-99 (Fla. 1st DCA 1988); Page v. State, 363 So.2d 621, 622 (Fla. 1st DCA 1978). Condition 1 of Jordan's probation order required her to submit her reports by the fifth day of each month, a condition with which appellant failed to comply. Appellant thus shows no abuse of discretion regarding this violation, and we affirm as to it.
Turning to appellant's second issue relating to the payment of costs, we note that the state is required to show that a violation of a probation order was willful in order to warrant revocation. Yancey v. State, 547 So.2d 1040, 1041 (Fla. 1st DCA 1989); Thomas v. State, 542 So.2d 475, 476 (Fla. 1st DCA 1989). Here, the evidence was insufficient to establish that Jordan willfully refused to pay the monthly costs of supervision in view of the probation officer's testimony that he was not certain whether he had informed appellant that her cost obligation had been reinstated. Murvin v. State, 541 So.2d 1344, 1345 (Fla. 2d DCA 1989) (the court concluded that there was "at the least, confusion over whether appellant was to continue filing written reports," which was insufficient evidence of willfulness). As the evidence discloses that there was confusion concerning whether Jordan knew her cost obligation had resumed, we reverse this violation.
As to the third issue relating to Jordan's restitution obligation, we also reverse. Establishment of a payment schedule is a judicial responsibility rather than a supervisory function properly administered by a probation officer. Ashe v. State, 582 So.2d 759, 760 (Fla. 1st DCA 1991); Ballance v. State, 447 So.2d 974, 976 (Fla. 1st DCA 1984). Consequently, Jordan's probation officer exceeded his authority by substantially increasing the monthly amount Jordan was required to pay, more than doubling the original amount. Under Section 948.03(7), Florida Statutes (Supp. 1988), "[t]he court may rescind or modify at any time the terms and conditions theretofore imposed by it upon the probationer." (Emphasis added.) See Clark v. State, 579 So.2d 109, 110 n. 3 (Fla. 1991); Russo v. State, 603 So.2d 1353, 1354 (Fla. 1st DCA 1992). Probation may be revoked only when a probationer violates a condition imposed by the court, not a probation officer. Page v. State, 363 So.2d 621, 622 (Fla. 1st DCA 1978); Hutchinson v. State, 428 So.2d 739, 740 (Fla. 2d DCA 1983). The trial court therefore erred in finding that Jordan violated probation by failing to pay restitution, as her monthly obligation had been improperly imposed by the probation officer.
*619 Because we reverse the violation for failure to pay restitution, we do not reach Jordan's fourth issue, regarding the court's failure to determine that she had the present ability to pay the required amount of restitution.
In that we are unable to determine from this record whether the trial court would have revoked Jordan's probation and sentenced her to a year in jail based solely upon her failure to submit three reports on time, we remand this cause to the trial court for further proceedings.
REVERSED and REMANDED.
MINER, J., concurs.
WOLF, J., specially concurs with opinion.
WOLF, Judge, specially concurring.
On initial evaluation, it would appear that the opinions of the court in this case and in White v. State, 606 So.2d 1271 (Fla. 1992), conflict with the opinion in Wilson v. State, 407 So.2d 1078 (Fla. 1st DCA 1982). Wilson holds that at the time of revocation, a defendant may not for the first time challenge the validity of a condition of probation which delegated responsibility to a probation officer to determine the amount of restitution for which the defendant is responsible. The rationale is that a defendant who has enjoyed the benefits of probation may not thereafter complain that the sentence is illegal. Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992); Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991), rev. denied, 598 So.2d 75 (Fla. 1992).[1]
In White, supra, and in this case, however, the appellants were not challenging the original payment schedule determined by the probation officer (with which they affirmatively agreed and made payments in accordance). Instead, the challenge here, as in White, is directed to a modified and sharply increased payment schedule that the appellants assert they cannot meet. In neither of these cases was a violation proven prior to the modification.
Absent proof of a violation, an order of probation cannot be modified by enhancing a term or condition, even if the defendant has agreed in writing with his probation officer to allow such a modification and has waived notice and hearing. Clark v. State, 579 So.2d 109, 110 (Fla. 1991); Russo v. State, 603 So.2d 1353 (Fla. 1st DCA 1992). Thus, the subsequent modification of the payment schedule in this case constituted a separate legal event that was subject to challenge by the probationer.
NOTES
[1] Wilson also may be distinguished from a situation where a defendant does not object at the time of the hearing, but does raise the issue on direct appeal from a revocation. Walls v. State, 609 So.2d 83 (Fla. 1st DCA 1992).