623 So.2d 795 (1993)
Timothy Michael MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4299.
District Court of Appeal of Florida, First District.
August 23, 1993.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant, Timothy Michael Moore, appeals the revocation of his probation and the sentence imposed based upon that revocation. Appellant contends: (1) the trial court erred in finding appellant violated probation for failing to follow a payment schedule mandated by the probation officer, rather than the court; (2) the written order of probation *796 must be conformed to the court's oral pronouncement; and (3) the new sentence is illegal, because it exceeds the maximum permitted by statute for a third-degree felony. We reverse and remand for resentencing.
On February 23, 1989, appellant pled nolo contendere to the offenses of grand theft (two counts), burglary (two counts), grand theft auto, and criminal mischief; adjudication was withheld, and appellant was placed on probation for five years. The two special conditions of appellant's probation pertinent to this appeal required him to pay $30 per month toward the cost of supervision, and $500 as court cost. In addition, the probation order expressly provided that the trial court "reserves jurisdiction to establish an amount of restitution."
In October 1992, appellant's probation officer filed a warrant of violation of probation, alleging that appellant violated Condition (2) of his probation, by failing to pay $30 per month toward cost of supervision; Condition (8) by failing to make monthly payments toward court cost, as his probation officer instructed him to do on May 5, 1989; and Condition (8) by failing to make monthly payments towards his restitution, as his probation officer instructed him to do on March 3, 1989.
At the revocation hearing held November 24, 1992, the testimony of appellant's probation officer established that appellant had been in arrears on the cost of supervision from January until August 1992, but he had paid all past due amounts and was current on the date of the hearing. Although appellant was instructed to pay his court cost at the rate of $10 per month, he had made no payment since March 5, 1991. At the time of the hearing, appellant had paid $260 of the $500 court cost assessment. In addition, the probation officer instructed appellant to pay restitution at the rate of $40 per month, but he had made no payment toward restitution since October 7, 1991. According to the probation officer, appellant inquired about his restitution obligation, and requested a restitution hearing. However, a restitution hearing had never been held.
The trial court found appellant guilty of Counts I and II of the violation of probation affidavit, but not guilty as to Count III  because restitution had never been established. The court adjudicated guilt with respect to the underlying offenses, and placed appellant on a new five-year period of probation. Special conditions of probation required appellant to serve the first year on community control, and to complete the first six months at Pensacola Restitution Center. All other terms and conditions of the original probation were reinstated. The written revocation order stated that appellant had been found guilty of violating Counts I, II, and III, as cited in the affidavit.
The record reflects, and appellant concedes, that before the affidavit of violation of probation was filed, he had been seven months in arrears on his cost of supervision. He brought the arrearage up to date, so that he was current on the supervision cost on the day of the hearing. Since it is undisputed that appellant had been in arrears on the supervision cost, we conclude the trial court's finding that appellant violated this condition of his probation could not be viewed as an abuse of discretion. Adams v. State, 559 So.2d 436, 438 (Fla. 1st DCA 1990).
We reach a different conclusion with regard to the Count II finding that appellant violated the condition requiring payment of court cost. Establishment of a payment schedule is a judicial responsibility, rather than a supervisory function proper for administration by a probation officer. Jordan v. State, 610 So.2d 616, 618 (Fla. 1st DCA 1992); White v. State, 606 So.2d 1265, 1266 (Fla. 1st DCA 1992); Bowers v. State, 596 So.2d 480, 481 (Fla. 1st DCA 1992). In other words, "[p]robation may be revoked only when a probationer violates a condition imposed by the court, not a probation officer." Jordan, 610 So.2d at 618.
The record reflects that appellant was placed on probation in February 1989; on May 5, 1989, his probation officer instructed him to make monthly payments toward his court cost. Although cases pertaining to judicial responsibility to establish a probationer's payment schedule have been decided in the context of restitution rather than court costs, it seems the principle is equally applicable *797 to both. Here, the trial court specified the total amount of court cost appellant would be required to pay, but left the manner of payment to the probation officer. Since appellant had paid more than half the amount due, arguably he could have paid the balance during the remainder of his original probation. In view of the clear instruction set forth in the restitution cases, we conclude the trial court abused its discretion in finding that appellant violated the court cost condition of his probation, due solely to his failure to meet the payment schedule imposed by his probation officer.
The second issue concerns the disparity between the trial court's oral pronouncements and the findings contained in the written probation order. At the revocation hearing, the trial court pronounced appellant guilty of violating Counts I and II of the affidavit, and not guilty of violating Count III. However, the written revocation order contains a finding that appellant violated all three counts alleged in the affidavit. It is well settled that a written probation order must conform to the court's oral pronouncement at sentencing, as the state properly concedes. See Dantler v. State, 584 So.2d 198 (Fla. 1st DCA 1991).
The third issue concerns the imposition of a new five-year period of probation. A trial court is without authority to extend a period of probation beyond the maximum permissible sentence for the underlying offense. Blackburn v. State, 468 So.2d 517, 518 (Fla. 1st DCA 1985); Duchesne v. State, 616 So.2d 172 (Fla.2d DCA 1993); Teasley v. State, 610 So.2d 26, 27 (Fla. 2d DCA 1992), review denied, 618 So.2d 1370 (Fla. 1993); Carter v. State, 606 So.2d 680 (Fla. 2d DCA 1992); Ogden v. State, 605 So.2d 155, 158 (Fla. 5th DCA 1992). In Ogden, the court explained that probation could not be extended beyond the statutory maximum for the offense, because to rule otherwise would mean that probation or community control could be extended ad infinitum beyond the statutory maximum each time a probationer's probation or community control were revoked.
In the instant case, on February 2, 1989, appellant was placed on probation for a five-year period in connection with his nolo contendere plea to multiple third-degree felonies. On November 24, 1992, after appellant had served three years and ten months of the first probation, probation was revoked, and a new five-year period of probation was imposed. When probation is revoked, the trial court can sentence up to the maximum period of incarceration permitted by statute. See § 948.06(1), Fla. Stat. (1989). However, if probation is reinstated, as it was in this case, the combined periods of probation cannot exceed the maximum incarcerative period permitted by statute for the underlying offense. Blackburn, 468 So.2d at 518; Ogden, 605 So.2d at 158.
Remand is required in this case, so that the written revocation order may be conformed to the trial court's oral pronouncement. In addition, since it is not apparent from the record that probation would have been revoked in this case based solely on the one valid violation, we conclude that remand is required as well for reconsideration of the decision to revoke probation. Glass v. State, 597 So.2d 984, 985 (Fla. 1st DCA 1992). See also Jordan v. State, 610 So.2d 616, 619 (Fla. 1st DCA 1992); Blake v. State, 433 So.2d 611 (Fla. 1st DCA 1983). If the trial court again decides to revoke, then reinstate, appellant's probation, the total combined periods of probation cannot exceed the five-year statutory maximum for a third-degree felony.
Accordingly, the revocation order is reversed and remanded to the trial court to consider whether probation should be revoked solely on the ground that prior to the hearing, appellant was in arrears in payment of cost of supervision. If probation is revoked, and a new probationary term is imposed, the combined periods of probation cannot exceed the maximum sentence permitted by statute for a third-degree felony. As a final note, the trial court is cautioned to ensure that the final written revocation order conforms to the oral pronouncement.
ERVIN and MICKLE, JJ., concur.