PER CURIAM.
A defendant appeals the court’s imposition of a five-year probation term. We reverse.
In 1992, the State filed an information charging the defendant, John Olson with possession of cocaine. The defendant pled guilty. The trial court withheld sentencing and, on July 31, 1992, placed the defendant on five years probation. In August of 1993, the State filed an affidavit alleging that the defendant had violated several of the conditions of his probation. The defendant admitted these violations, and, on May 24, 1994, the trial court revoked the defendant’s probation and placed him on a two-year term of community control. In July of 1994, the State filed an affidavit alleging that the defendant had violated his community control. After the defendant admitted violating several of the terms of his community control, the trial. court revoked the community control and placed the defendant on a new five-year term of probation.[1] The defendant now appeals the imposition of this new five-year term of probation.
The defendant contends that the imposition of a new five-year term of probation exceeds the maximum statutory sentence for a third-degree felony because the trial court failed to credit the defendant with the time that he had already served on probation. We agree.
When a trial court revokes a defendant’s probation, “credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense.” State v. Summers, 642 So.2d 742, 744 (Fla.1994), aff’g 625 So.2d 876 (Fla. 2d DCA 1993); see also Straughan v. State, 636 So.2d 845, 846 (Fla. 5th DCA 1994); Wardell v. State, 631 So.2d 1130, 1131 (Fla. 5th DCA), aff’d, 642 So.2d 745 (Fla.1994); Moore v. State, 623 So.2d 795, 797 (Fla. 1st DCA 1993). A trial court, however, is not required to credit the defendant with time previously served on probation where the imposition of the new probationary term does not cause the total term of probation to exceed the statutory maximum sentence for the offense committed. Summers, 642 So.2d at 744 (“[W]here the total term of probation will not exceed the statutory maximum for a single offense, the court need not give credit for the time already served on probation.”). The salient point is that “[a] trial court is without authority to extend a period of probation beyond the maximum permissible sentence for the underlying offense.” Moore, 623 So.2d at 797; see also Ogden v. State, 605 So.2d 155, 158 (Fla. 5th DCA 1992); Blackburn v. State, 468 So.2d 517, 518 (Fla. 1st DCA 1985).
In the instant case, the defendant was initially charged with possession of cocaine. At the time the defendant committed the underlying offense, the statutory maximum sentence for possession of cocaine, a third-degree felony, was five years. §§ 893.13(1)® & 775.082(3)(d), Fla. Stat. (1991). After the defendant violated the conditions of his community control, the trial court placed him on a second five-year term of probation, without crediting the defendant for the time that he had already served on probation. When placing the defendant on a second five-year term of probation for the same offense, the trial court should have credited the defendant with the time that he had already served on probation, since the *306 failure to do so caused the defendant’s total term of probation to exceed the statutory maximum sentence for a third-degree felony. See Summers, 642 So.2d at 743; Gordon v. State, 649 So.2d 326, 328 (Fla. 5th DCA 1995); Mathis v. State, 649 So.2d 279, 280 (Fla. 3d DCA 1995); Straughan, 636 So.2d at 846; Wardell, 631 So.2d at 1131; Moore, 623 So.2d at 797. Consequently, because the trial court failed to credit the defendant with the time that he had already served on probation, the imposition of a second five-year term of probation exceeded the statutory maximum sentence for a third-degree felony.
Accordingly, we reverse the trial court’s imposition of a new five-year period of probation and remand to the trial court with directions that a proper probationary term be imposed reflecting a credit for the probationary time already served by the defendant. We stress that we do not disturb any of the conditions of probation set by the trial court.
Reversed and remanded with instructions.

. As one of the conditions of probation, the defendant is required to serve 364 days in the county jail.