633 So.2d 1061 (1994)
Timothy Bryan LIPPMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 79574.
Supreme Court of Florida.
March 17, 1994.
*1062 Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., Miami, for respondent.
HARDING, Justice.
We have for review Lippman v. State, 595 So.2d 190, 194 (Fla. 3d DCA 1992), in which the Third District Court of Appeal certified the following questions as being of great public importance:
1. Whether an order modifying probation by prohibiting contact between probationer and victim or victim's minor siblings (for the purpose of protecting the victim and siblings) constitutes an additional punishment proscribed by the double jeopardy clause?
2. Where a probationer is undergoing psychiatric treatment for a sexual offense as a condition of probation, does a probation modification order prohibiting contact between probationer and victim or victim's minor siblings constitute a modification of an existing probation condition or an additional punishment proscribed by the double jeopardy clause?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. For the reasons expressed in this opinion, we answer the first question in the affirmative and determine that the circumstances raised in the second question constitute an additional punishment proscribed by the Double Jeopardy Clause.
Timothy Lippman pled no contest to three counts of attempted capital sexual battery. The minor victim was one of Lippman's siblings. Pursuant to a plea agreement, the trial court sentenced Lippman to two years probation with the following special conditions: 1) that he "undergo psychiatric treatment until such time as the person in charge of such treatment and [his] Probation Supervisor determine that such treatment is no longer necessary"; and 2) as Lippman requested, that he would be permitted to transfer his probation to another state. Lippman began the psychiatric treatment, obtained a job as a security officer, and volunteered his services at the Florida City Police Department. During this time, Lippman lived in his parents' home with the victim and other minor siblings.
Eight months into the probationary term, Lippman's probation officer filed an affidavit of violation. The affidavit stated that Lippman refused to comply with the probation officer's demands to resign from the volunteer job at the police department and to remove police department decals from his *1063 car. The affidavit also stated that Lippman had been charged with impersonating a police officer, the unlawful use of radio equipment, loitering, and prowling.[1]
When Lippman appeared in court pursuant to the affidavit, the trial judge noted that Lippman did not appear to be in violation of probation because the alleged violations seemed to arise from Lippman's job as a security officer. Accordingly, the court dismissed the affidavit because there was no evidence that Lippman had violated his probation.
Two days later the probation officer refiled the same affidavit for violation of probation. However, the State withdrew the affidavit when the judge once again stated that Lippman had not violated any of his probationary conditions nor broken any laws. At the judge's suggestion, the State made an oral motion to modify probation in order to clarify the supervisory conditions.
Prior to this hearing, the court received a letter from the therapist who was providing Lippman's court-ordered psychiatric treatment. Neither Lippman nor his attorney had seen this letter prior to the hearing. The therapist expressed concern over Lippman's arrest, his lack of progress in the psychiatric treatment program, and his irregular attendance at the program. The therapist asked the court to modify Lippman's probation by: 1) extending the term from two to seven years; 2) ordering Lippman to pay for and successfully complete the Mentally Disordered Sex Offender program; 3) prohibiting Lippman's participation in any job or activity where he would wear a police-type uniform or use police-type equipment; and 4) restricting Lippman's contact with his immediate family until the entire family entered a program for family members of mentally-disordered sex offenders and all therapists approved contact with the family.
Lippman and his family complained to the judge that the therapist's recommendation would be a great hardship as Lippman would have to move from his parent's residence but would have no income for rent because he would be required to quit his job. Although the trial judge agreed that it would be a great hardship, he entered the order modifying Lippman's probation as requested by the therapist, with the exception of the family contact provision. The judge only restricted Lippman's contact with the minor victim and the other minor siblings, not with his entire family. Lippman did not object to this modification as a violation of double jeopardy, nor did he appeal the enhanced probation order.
Seven months later the court revoked Lippman's probation for having contact with the minor siblings and sentenced him to twelve years in prison. Lippman appealed the revocation order on evidentiary grounds. The Third District Court of Appeal affirmed the judgment and sentence. Lippman v. State, 559 So.2d 1148 (Fla. 3d DCA 1990). Lippman then moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850, arguing that the court order changing his probation conditions was imposed in violation of his constitutional right against double jeopardy, and thus his subsequent incarceration for violating the additional conditions also violated double jeopardy. The trial court denied Lippman relief under rule 3.850. On appeal, the Third District Court of Appeal ruled that the no-contact condition was "a modification of an existing probation condition rather than the imposition of a new condition" and did not violate double jeopardy. Lippman, 595 So.2d at 194. The district court also certified the questions to this Court.
Initially we determine that conditions described in the certified questions constitute enhancements of the original sentence rather than modifications.[2] Even though the district court characterized the trial judge's order as a supervisory order entered for the protection of the victim and the victim's siblings rather than a sanction, the motivation for adding these conditions does not change *1064 their punitive effect. These "protective" measures required Lippman to leave his employment, move from his residence, and have absolutely no contact with his siblings. The trial judge even acknowledged that the new conditions would be an additional hardship. While such conditions could have been included in the initial probationary order had circumstances required, there is no question that the added conditions are more restrictive than those imposed by the initial order. Consequently, we find that the added conditions, including the no-contact condition, enhanced the terms of Lippman's original probationary sentence.
Both the United States Constitution[3] and the Florida Constitution[4] guarantee that no individual will be put in jeopardy more than once for the same offense. The guarantee against double jeopardy consists of three separate constitutional protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted) (emphasis added).
It is the third protection against multiple punishments for the same offense that is implicated in this case. Probation is a sentence in Florida. Larson v. State, 572 So.2d 1368, 1370 (Fla. 1991). Thus, the double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation. See Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991) (finding that extension of probationary period at subsequent restitution hearing when sentence already imposed at earlier sentencing hearing violated double jeopardy).
Section 948.06, Florida Statutes (1987), "provides the sole means by which the court may place additional terms on a previously entered order of probation or community control." Clark v. State, 579 So.2d 109, 110 (Fla. 1991). Before probation may be enhanced, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge. Id. at 110-11; § 948.06(1), Fla. Stat. (1987). Absent proof of a violation, the court cannot change an order of probation by enhancing the terms. Clark, 579 So.2d at 110-11. In the instant case, the court specifically found no violation of probation, yet proceeded to enhance the terms of Lippman's probation. This violated the double jeopardy prohibition against multiple punishments for the same offense. Thus, the order modifying probation must be vacated. The consequences that resulted from Lippman's violation of that modified probation must be vacated as well, including the order revoking probation, the adjudication of guilt, and the sentence imposed.
The State argues that Lippman is procedurally barred from raising this matter in a rule 3.850 proceeding because it should have been raised on direct appeal from the trial court's modification order. We do not agree. The prohibition against double jeopardy is "fundamental." Benton v. Maryland, 395 U.S. 784, 795-96, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707 (1969). As this Court concluded in State v. Johnson, 483 So.2d 420, 423 (Fla. 1986), "the failure to timely raise a double jeopardy claim does not, in and of itself, serve as a waiver of the claim." In Johnson, the trial court unconditionally accepted the defendant's nolo contendere plea to several criminal charges, but subsequently vacated the judgment on the basis of information contained in the presentence investigation report. The defendant was then tried on the original charges, adjudicated guilty, and sentenced to thirteen years' incarceration. The defendant did not appeal the conviction and sentence, but instead filed a rule 3.850 motion for relief on the ground that this violated double jeopardy. This Court held that the constitutional prohibition against double *1065 jeopardy applied and that the State had no right to try the defendant at all. Id. at 423.
Unlike the defendant in Johnson, Lippman did appeal the judge's order, but failed to raise the double jeopardy claim. However, we do not find that this difference distinguishes the instant case from Johnson. As this Court noted in Johnson, a number of courts have concluded that a double jeopardy claim may be raised in a post-conviction relief proceeding. 483 So.2d at 422-23; see also, e.g., Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981) (double jeopardy claim not waived even though not raised until federal habeas corpus proceedings were filed at the conclusion of all appeals). Although this Court cautioned "that there may be limited instances in which a defendant may be found to have knowingly waived his double jeopardy rights," 483 So.2d at 423, the circumstances of the instant case do not support such a finding. Lippman did not knowingly waive his double jeopardy protection any more than the defendant in Johnson did. Thus, Lippman's double jeopardy claim is not procedurally barred.
Accordingly, we quash the decision of the district court below. We remand for further proceedings consistent with this opinion and with instructions that the order of modified probation, the order revoking probation, the adjudication of guilt, and the sentence of imprisonment be vacated.
It is so ordered.
BARKETT, C.J., and SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, dissenting.
I dissent. The original order of probation entered in this case preserved the right of the trial judge to modify the terms and conditions of probation. One of the responsibilities of a trial judge is to protect the public from the conduct of a probationer. It is thus important to allow a trial judge the authority to modify and, I believe, even to add new conditions to the terms of probation if, in the judgment of the trial judge, it is necessary to do so to assure successful completion of probation. Incidentally, the additional conditions were added at a probation revocation hearing and, even though the trial judge made no finding that Lippman had violated the terms of his original probation order, neither Lippman nor his attorney objected to the additional terms.
I recognize that in Clark v. State, 579 So.2d 109, 111 (Fla. 1991), we stated, over my protest: "Absent proof of a violation, the court cannot change an order of probation or community control by enhancing the terms thereof... ." That rule should have no application when a trial judge, in his or her own order, reserves the right to modify or change the conditions. Lippman is a sex offender. The trial judge, by adding the restriction that Lippman would have no contact with his minor siblings, was attempting to minimize the temptation to Lippman of repeating his offenses. This specific condition was added to protect the siblings and assist in the psychiatric management of Lippman after a report from the psychiatrist that Lippman was not making good progress in the court-mandated psychiatric treatment.
Regrettably, my views have fallen on deaf ears with the majority. I reiterate, however, that the district court properly denied Lippman relief and, because I fervently believe it correct, republish what it said:
As a preliminary matter, we need not reach the issue of whether the portion of the probation order which extended Lippman's probation from two to seven years was objectionable on double jeopardy grounds. That is so because Lippman's probation was revoked during the original two-year probationary term. Lippman never completed the initial two years and never began serving the five-year extended term. The probation has now been revoked and any question regarding the five-year extension is now moot.
We next consider the modification to the probation order for which Lippman's probation was revoked  the requirement that Lippman refrain from contact with his minor siblings. This requirement was not in the original probation order, but was added by the modification order. We conclude *1066 that the modification order did not violate the double jeopardy clause.
To begin with, probation is "a form of community supervision requiring specified contacts with parole and probation officers and other terms and conditions as provided in s. 948.03." § 948.001(2), Fla. Stat. (1987). See generally Larson v. State, 572 So.2d 1368, 1370-72 (Fla. 1991). Section 948.03, Florida Statutes (1987), confers broad authority on the trial court to "determine the terms and conditions of probation... ." Id. § 948.03(1). The statute also provides: "The enumeration of specific kinds of terms and conditions shall not prevent the court from adding such other or others as it considers proper. The court may rescind or modify at any time the terms and conditions theretofore imposed... ." Id. § 948.03(7).
In the present case the trial court had the statutory authority to add the proscription against contact by the defendant with the minor victim and minor siblings. Lippman argues, however, that the no-victim-or-minor-sibling-contact prohibition constituted an additional punishment which violated the double jeopardy clause. We disagree.
For purposes of double jeopardy analysis, the United States Supreme Court's "decisions in the sentencing area clearly establish that a sentence does not have the qualities of constitutional finality that attend an acquittal." United States v. DiFrancesco, 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328, 344 (1980). The double jeopardy clause does not impose a rule against modification of probation orders. Instead, the inquiry is whether there has been an impermissible increase in the penalty imposed. See id. at 132-39, 101 S.Ct. at 434-38, 66 L.Ed.2d at 342-47; see also, e.g., Clark v. State, 579 So.2d 109 (Fla. 1991) (increase of penalty from community control to residential custody); State v. Johnson, 483 So.2d 420 (Fla. 1986) (increase of penalty from 90 days incarceration to 13 years); cf. Anderson v. State, 444 So.2d 1109, 1110 (Fla. 3d DCA 1984) (where no record basis for modification and modification deprived defendant of livelihood, modification placed defendant in double jeopardy).
It is self-evident that the order prohibiting contact with the minor victim and minor victim's siblings is not a new, additional, or enhanced punishment within the meaning of the double jeopardy clause. It is a supervisory order entered for the protection of the victim and the victim's siblings. It was plainly not imposed as a sanction but on the contrary to safeguard those in need of protection. A provision of a modification order which protects a victim of crime from contact by a probationer is not a penalty for purposes of double jeopardy analysis and is not prohibited by the double jeopardy clause.
So far we have accepted for purposes of discussion Lippman's contention that the no-victim-or-minor-sibling-contact limitation was a new term of his probation, added by the modification order. See § 948.03(7), Fla. Stat. (1987) (first sentence). It is our view, however, that the modification is also accurately characterized as a modification of an existing condition of probation. See id. (second sentence). It is well settled that a court can modify a term or condition previously imposed. Clark v. State, 579 So.2d at 110 n. 3.
Lippman's original probation order included a requirement that he undergo psychiatric treatment. After a period of treatment, Lippman's therapists made four recommendations to the court. One of these was that Lippman "have ... no contact with any member of his immediate family until they are in a program for family members of [mentally disordered sex offenders] and all the therapists involved give their approval." The trial court modified the recommendation so as to proscribe contact with the minors in the family, but not the parents. We conclude that the proscription against minor sibling contact is fairly viewed as a modification of an existing probation condition rather than the imposition of a new condition.

*1067 For the reasons stated, the provision of the modification order at issue here did not violate the double jeopardy clause of either the Florida or federal constitution. In our view, the analysis outlined here properly applies the teaching of the Florida Supreme Court and the United States Supreme Court.
Lippman v. State, 595 So.2d 190, 193-94 (Fla. 3d DCA 1992) (footnotes omitted).
OVERTON, J., concurs.
NOTES
[1] All of these charges were subsequently dropped.
[2] Our opinion would not preclude the modification of a probation order requiring a defendant to carry out the reasonable recommendations of a psychiatrist incident to treatment, if the original order provided that such a modification could be made.
[3] The Fifth Amendment provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.
[4] Article I, section 9 of the Florida Constitution provides in relevant part that "[n]o person shall ... be twice put in jeopardy for the same offense."