638 So.2d 1006 (1994)
Dion GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0629.
District Court of Appeal of Florida, Fourth District.
June 15, 1994.
Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We reverse an order modifying the terms of Appellant's probation. Appellant was initially sentenced to community control followed by probation, on multiple charges of burglary and grand theft. He was ordered, together with his codefendant, to pay restitution in the sum of $2,235.00. The codefendant paid the full $2,235.00 and Appellant also paid one-half of that sum to the victim. Appellant was subsequently placed by the court on "administrative" (non-reporting) probation.
No affidavit charging a violation of probation was ever filed, nor is it contended that Appellant had violated probation. Nevertheless, at a hearing called to resolve restitution questions raised by the victim and the state, the trial court ordered Appellant returned to reporting status, to undergo random urinalysis, and to pay another $1,117.50.
The state does not dispute that the court erred by ordering payment of the additional restitution and generally, absent proof of a violation, a court may not subsequently enhance the terms and conditions of probation. Clark v. State, 579 So.2d 109 (Fla. 1991). See also Lippman v. State, 633 So.2d 1061 (Fla. 1994).
The state's only argument appears to be that Appellant should not have been placed on an "administrative" probation by the trial court to begin with. However, the state did not appeal from the prior order reducing the terms and extent of Appellant's probation. We therefore assume, for this appeal, the validity of the reduced level of probation and need not determine whether a trial court has jurisdiction to place a probationer on an "administrative" probation.[1]
Reversed and remanded to reinstate Appellant's non-reporting probation.
DELL, C.J., and KLEIN, J., concur.
NOTES
[1] However, it is clear that section 948.03(5) does provide for rescission and modification of the terms and conditions of probation by the court at any time, and section 948.05 does authorize the court to discharge a probationer.