653 So.2d 1062 (1995)
Clarence DELANCEY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0079.
District Court of Appeal of Florida, Fourth District.
April 12, 1995.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Chief Judge.
Appellant challenges an order of modification of probation adding a special condition to his sentence that he attend a weekly sex offender therapy meeting for his entire probationary term. We find merit in appellant's argument and vacate the order of modification as violative of the Double Jeopardy Clause.
Pursuant to a negotiated plea, appellant pled no contest to two counts of lewd, lascivious, or indecent assault or act upon or in the presence of a child under the age of sixteen. The trial court accepted appellant's plea, but erroneously adjudicated him guilty on one count of sexual battery and one count of lewd assault, as charged in the information. The trial court correctly sentenced appellant to two concurrent sentences of six months in county jail with five years of probation in *1063 accordance with the written plea agreement. The terms of probation included the following Special Condition 12: that appellant "will receive a MENTAL HEALTH evaluation, and follow any recommended treatment, at your own expense."
Appellant underwent a mental health evaluation with Dr. Griffith, who recommended that appellant attend three therapy sessions. Unable to afford Dr. Griffith's $100 counseling session fee, appellant saw Larry Auerbach upon referral by Dr. Griffith. Mr. Auerbach charged appellant $10 per one-hour weekly therapy session. Mr. Auerbach did not independently evaluate appellant's mental fitness before commencement of his therapy, but applied his "standing recommendation" that all sex offenders require counseling for the full term of their probations when he determined that appellant needed supervision for the remainder of his five-year probationary period. It appears that Mr. Auerbach endorses this approach regardless of individual need or length of the probationary period. Mr. Auerbach counseled seventy-seven persons in his sexual abuse therapy program, each patient paying $10 per weekly session.
Appellant attended five weekly sessions with Mr. Auerbach and ceased attending the weekly meetings in the belief that he had fully complied with Special Condition 12 by completing three therapy sessions and thus required no further counseling. Mr. Auerbach notified appellant's probation officer of the cessation of therapy and expressed his concern that unless appellant be required to re-enter a treatment program appellant would be at risk to commit future sexual offenses. The probation officer informed the trial court by letter of Mr. Auerbach's opinion. The probation officer asked that the trial court determine whether appellant had fully complied with Special Condition 12 by attending three sessions as recommended by Dr. Griffith or whether such compliance was dependent upon continuation of therapy as recommended by Mr. Auerbach. Without entry of a separate order, the trial court responded on the probation officer's letter and concluded that appellant is required to continue mental health treatment as a condition of his probation.
Appellant's subsequent failure to continue treatment resulted in an affidavit of violation of a condition of probation, alleging appellant's violation of Special Condition 8  failure to follow the probation officer's instruction to return to therapy with Mr. Auerbach. The trial court conducted a hearing on the alleged violation, but did not expressly find appellant in violation of Special Condition 8 nor did it enter a written order to that effect. However, the trial court modified the probation order by adding Special Condition 16 which provides that appellant "must attend weekly meetings with Counselor Larry Auerbach." This order, in effect, required appellant to attend therapy sessions for the duration of his probationary term.
The record shows the trial court appropriately determined that appellant as a sex offender had a need for outpatient counseling based upon Dr. Griffith's initial evaluation and diagnosis. See § 948.03(7), Fla. Stat. (Supp. 1990).[1] It also shows that appellant adhered to Dr. Griffith's recommended schedule of three therapy sessions and, in fact, attended five sessions, albeit with an alternate counselor. However, the record does not show that Mr. Auerbach based his recommendation that appellant continue counseling for the entire term of his probation *1064 on an independent evaluation that established a need for additional therapy. Id. Mr. Auerbach's "standing recommendation" for this probationer and others does not relate to the individual needs of these offenders, but rather, he makes broad generalizations concerning a class of persons which we hold are insufficient to support a trial court's determination of need under section 948.03(7). Had Dr. Griffith, or for that matter Mr. Auerbach, evaluated appellant and determined that a modification of his earlier recommendation was necessitated as a result of his continuing assessment of appellant's need for counseling, the trial court could have compelled appellant's attendance at counseling sessions as provided in Special Condition 12. We also note that the state has failed to cite any authority that would support the imposition of additional therapy as a condition of probation (beyond that initially recommended by Dr. Griffith) based solely upon a counselor's arbitrary policy that all sex offenders require counseling for the entire term of their probation.
We conclude that under these facts the trial court's response to the probation officer's letter and, more importantly, its entry of the order of modification adding Special Condition 16 constitute an improper enhancement, not modification, of appellant's original sentence in violation of the double jeopardy clause of the Fifth Amendment of the United States Constitution and article I, section 9 of the Florida Constitution. See Lippman v. State, 633 So.2d 1061, 1064 (Fla. 1994) ("[T]he double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation."). The added condition enhanced appellant's original sentence by imposing an "additional hardship" in the absence of a violation of Special Condition 12. See Lippman, 633 So.2d at 1064. As the Fifth District Court explained in Lippman:
Section 948.06, Florida Statutes (1987), "provides the sole means by which the court may place additional terms on a previously entered order of probation or community control." Clark v. State, 579 So.2d 109 (Fla. 1991). Before probation may be enhanced, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge. Id. at 110-11; § 948.06(1), Fla. Stat. (1987). Absent proof of a violation, the court cannot change an order of probation by enhancing the terms. Clark, 579 So.2d at 110-11. In the instant case, the court specifically found no violation of probation, yet proceeded to enhance Lippman's probation. This violated the double jeopardy prohibition against multiple punishments for the same offense. Thus, the order modifying probation must be vacated.
633 So.2d at 1064. Therefore, in the absence of a violation of probation, or a finding based upon an independent evaluation showing a continued need for weekly therapy, the trial court had no evidentiary basis to enhance Special Condition 12 by adding Special Condition 16 to the terms of appellant's probation.
Accordingly, we reverse and vacate the order of modification of probation. We affirm appellant's original sentence of probation in all respects, but remand to the trial court with instructions to correct the final judgment of conviction to conform to appellant's written plea agreement as accepted by the trial court.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] Section 948.03(7), Fla. Stat. (Supp. 1990), states:

(7) The court shall require a diagnosis and evaluation to determine the need of a probationer or offender in community control for treatment. If the court determines that a need therefor is established by such diagnosis and evaluation process, the court shall require outpatient counseling as a term or condition of probation or community control for any person who was found guilty of any of the following, or whose plea of guilty or nolo contendere to any of the following was accepted by the court:
(a) A lewd, lascivious, or indecent assault or act upon, or in the presence of, a child.
(b) Sexual battery, as defined in chapter 794, against a child.
(c) Exploitation of a child as provided in s. 450.151, or for prostitution.
Such counseling shall be required to be obtained from a community mental health center, a recognized social service agency providing mental health services, or a private mental health professional or through other professional counseling. The plan for counseling for the individual shall be provided to the court for review.