FARMER, Judge.
Defendant pleaded guilty to robbery in April 1993. Four months later, he was accused of violating community control because of urine test results. Although the charge was withdrawn at a hearing on the violation, the court added new special conditions among which was required attendance at Narcotics Anonymous meetings. Three months later he was accused of violating community control by failing to attend the NA meetings and for failing to pay restitution payments ordered by his community control officer. The trial court found a violation on the grounds charged, revoked community control and sentenced defendant to 7 years incarceration. This appeal followed.
The facts show that defendant suffered a revocation of his community control for violating a new condition imposed at a previous violation hearing during which the alleged violation was withdrawn. In Lippman v. State, 633 So.2d 1061 (Fla.1994), the court found that this identical circumstance violates a defendant’s right against double jeopardy. See also Delancey v. State, 653 So.2d 1062 (Fla. 4th DCA 1995). Hence it was error to revoke his community control for failing to attend NA meetings.
As to the restitution violation, the state concedes that it was error to violate him for failing to follow a restitution payment schedule imposed by his officer. Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993).
There being no other grounds found by the trial court, we reverse the court’s revocation of community control. The defendant shall be released from custody forthwith and all time spent in custody credited against his community control and probation.
REVERSED.
GLICKSTEIN, J., and HUBBART, PHILLIP A., Associate Judge, concur.