691 So.2d 1204 (1997)
Roger E. MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1705.
District Court of Appeal of Florida, Fourth District.
April 23, 1997.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In May, 1995, appellant, Roger Martin was placed on probation for several crimes, including a lewd assault or indecent act on a child under the age of 16 in violation of *1205 section 800.04(1), Florida Statutes (1995). In September, 1995, a violation of probation was filed charging Martin with violating his probation by having carnal intercourse with a person under the age of 18 in violation of section 794.05, Florida Statutes (1995), and interfering with custody of a child contrary to section 787.03, Florida Statutes (1995).
The state also charged Martin with the substantive offenses in a separate criminal case. After a two-day trial, the jury found Martin not guilty after very brief deliberations. The court tried the violations of probation simultaneously with the substantive charges. Although the trial court orally pronounced that Martin had not violated his probation, the court amended the terms of probation to prohibit Martin from having any unsupervised contact with a child under the age of 18. In its written order, the court reiterated that the state had not proven carnal intercourse or interference with custody as charged in the affidavit of violation, but held that Martin violated a separate criminal statute, section 827.04(3), Florida Statutes (1995), by contributing to the delinquency of a child.
The state concedes that the order modifying Martin's probation must be vacated. Before probation can be enhanced by adding new conditions that a probationer must follow, a violation of probation must be formally charged and proven pursuant to the procedures in section 948.06, Florida Statutes (1995). Clark v. State, 579 So.2d 109, 110-11 (Fla.1991). Probation may not be revoked or enhanced for conduct not charged in the affidavit alleging a violation of probation. Harrington v. State, 570 So.2d 1140, 1142 (Fla. 4th DCA 1990); Butler v. State, 450 So.2d 1283 (Fla. 2d DCA 1984). Therefore, the court erred in enhancing probation since the affidavit of violation failed to allege that Martin violated section 827.04(3), by contributing to the delinquency of a minor. Enhancing the terms of probation when the court specifically finds no violation of the charges in the affidavit is contrary to the double jeopardy prohibition against multiple punishments for the same offense. Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994).
The May 1, 1996 order modifying Martin's probation is vacated.
WARNER, POLEN and GROSS, JJ., concur.