703 So.2d 1071 (1997)
Robert Allen CASTERLINE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00981.
District Court of Appeal of Florida, Second District.
October 3, 1997.
Rehearing Denied October 29, 1997.
*1072 PER CURIAM.
Robert Casterline appeals the summary denial of his motion for postconviction relief in which he asserted that the trial court wrongfully revoked his probation in 1996 based upon a 1991 order which enhanced the conditions of his probation. We agree that the 1991 order is void because Casterline had not violated the terms of his probation. The court had no authority to change or enhance the terms of probation originally imposed in 1984.
In 1984, Casterline entered a plea of guilty to two counts of sexual performance by a child and was sentenced to 10 years' imprisonment followed by 15 years' probation. On July 10, 1991, an affidavit of violation of probation was filed which stated that Casterline was arrested for aggravated assault with a knife sharpener upon a minor. It was alleged that he had also violated the provisions of his probation because he had been instructed by his probation officer not to have contact with any minor children.[1] On August 8, 1991, the court conducted a hearing and concluded that there had been no violation of probation.
At the conclusion of the hearing, defense counsel requested that Casterline be released on his own recognizance pending the criminal trial for the alleged aggravated assault. Although the state had no objection to Casterline's release, it requested that the terms of his probation be changed to prohibit contact with minors. Defense counsel objected and stated that the matter should be set for a hearing before the court at another time; however, he capitulated when the court indicated that it intended to schedule the hearing on the request for release at a future date. Counsel stated, "Judge, let me state this. Because my client needs to get out of jail, he needs to go to work, and he has previously told me that if the Court so desires to inform [sic] such a condition, that he would have no objections to it." The court noted, "So, it would be without objection by your client to modify the probation to require that he have no contact with minor children, that is anyone under the age of eighteen, without the presence of another responsible adult."
On August 8, 1991, an order entitled "Corrected Order of Modification of Probation" was entered which erroneously stated that Casterline had violated the terms and conditions of his probation.[2] Further, the order required the conditions of probation to be modified to include the provision that Casterline have no unsupervised contact with children under the age of eighteen. Casterline's probation was revoked on April 27, 1995, and on March 29, 1996, for violating the condition which prohibited contact with children. On April 27, 1995, Casterline admitted that he had contact with a teenage boy in the hallway of the county courthouse. On March 29, 1996, Casterline admitted that he had verbal contact with two boys aged ten and fourteen when he inquired if they had seen his lost cat.
The court's imposition of the new condition of probation in 1991 is clearly an enhancement of the conditions imposed in 1984. The original conditions of probation are standard and did not include any provision relating to children or which arguably could be modified to include this prohibition. While it is true that the trial court has the right to rescind or modify terms and conditions of probation at any time pursuant to section 948.01(5), Florida Statutes (1991), "[a]bsent proof of a violation, the court cannot change an order of probation by enhancing the terms." Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994); Clark v. State, 579 So.2d *1073 109, 110 (Fla.1991); Martin v. State, 691 So.2d 1204 (Fla. 4th DCA 1997).
Probation is a sentence in Florida and the double jeopardy provision includes protection against enhancements or extensions of conditions of probation. Lippman, 633 So.2d at 1064. Even when a non-violating probationer agrees to the enhancement of the terms of probation, he is not estopped from raising the double jeopardy infringement. See Clark, 579 So.2d at 110; Waldon v. State, 670 So.2d 1155, 1159-60 (Fla. 4th DCA 1996).
Casterline did not appeal the 1991 order which enhanced the conditions of his probation, nor did he appeal the 1995 and 1996 orders which revoked the probation. However, Casterline is not precluded from raising the issue at this time. In Lippman the supreme court held that the challenge to the improper enhancement of the terms of probation can be raised in a motion for postconviction relief. Id., 633 So.2d at 1064-65. The prohibition against double jeopardy which is involved in these instances has not been waived by the failure to raise this issue on appeal of the original imposition of the condition or by failure to appeal the subsequent revocation of probation. Id.
In the present case, as in Delancey v. State, 653 So.2d 1062 (Fla. 4th DCA 1995), the court found no violation of probation in 1991, yet proceeded to enhance the defendant's probation. "This violated the double jeopardy prohibition against multiple punishments for the same offense. Thus, the order modifying probation must be vacated." Id., 633 So.2d at 1064. As Casterline had not violated his probation in 1991, the court improperly enhanced the conditions of probation and the subsequent violations of the enhanced condition in 1995 and 1996 were a nullity.
Accordingly, the order denying the motion for postconviction relief is reversed. The Corrected Order Modifying Probation dated August 8, 1991, is hereby vacated. Additionally, the orders revoking probation dated April 27, 1995, and March 29, 1996, and the judgment and sentence entered March 29, 1996, also are vacated. This matter is remanded to the trial court for further proceedings in accordance with this opinion.
Reversed and remanded with instructions.
PATTERSON and LAZZARA, JJ., concur.
SCHOONOVER, A.C.J., dissents with opinion.
SCHOONOVER, Acting Chief Judge, dissenting.
I would hold that double jeopardy protection can be waived and was waived in this case. I would also find that the appellant's probation was properly revoked because he violated a condition of probation validly imposed upon him in 1995. I must, therefore, dissent.

I. The 1991 Modification of Probationary Conditions
The majority bases its decision upon the 1991 proceeding in which Casterline, assisted by counsel and in open court, agreed to the addition of a condition of his supervision in exchange for his release from jail on his own recognizance to await trial on a felony charge of aggravated assault. I question whether the supreme court in Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994), and Clark v. State, 579 So.2d 109, 110 (Fla.1991), intended to foreclose such a bargain which benefits both parties; I do not agree that such an accord cannot be enforced against the party who has already enjoyed the benefit of the bargain.
In Lippman after the trial court concluded that the defendant had not violated his probation, the court added without the probationer's consent a condition similar to the one under consideration here. This modification, the supreme court concluded, violated the prohibition against double jeopardy, and the order modifying probation was vacated.
In Clark the supreme court disapproved a practice whereby the probation officer procured the probationer's written consent to modify the terms of supervision, the written reduction of which was forwarded to the court for the entry of an order approving same. The supreme court recognized the potential abuse of procedural due process inherent in such an arrangement and based *1074 its assessment of trial court error on the absence of notice and hearing to the probationer. The supreme court found support in its decision from section 948.06, Florida Statutes (1987), which provides the statutory authority for modifying conditions of supervision following a finding by the trial court of a violation.
In 1991 Casterline faced continued incarceration on a pending felony and through counsel negotiated for his release in exchange for the imposition of a new condition to his supervision. He acknowledges receiving the benefit of this arrangement and now is heard to complain of its illegality. I subscribe to Judge Stone's thoughtful dissent in Waldon v. State, 670 So.2d 1155 (Fla. 4th DCA 1996), in which the probationer agreed to a new term of supervision in exchange for the withdrawal of a warrant alleging a violation of probation. He concludes:
Having negotiated for, and accepted the benefit of, the state's withdrawing the affidavit, Appellant should not now be heard to disavow her agreement ... I also note that to hold otherwise deprives a probationer facing certain revocation and incarceration of the opportunity to negotiate a reasonable modification acceptable to the court.
Waldon, 670 So.2d at 1161.
Casterline, while not negotiating for the withdrawal of an affidavit and warrant, secured his release from confinement by simply agreeing to avoid the company of unaccompanied minors. The majority would deprive the trial court of the discretion to approve any agreement between the State and the probationer which "enhances" the terms of supervision, even when such terms serve the interests of the probationer, the State, and the public at large. I do not believe that the prohibition against double jeopardy restrains a trial court's authority to endorse a negotiated agreement voluntarily entered into between parties to a criminal proceeding.
The Florida Supreme Court has determined that double jeopardy claims may be waived as part of a negotiated plea arrangement. See Novaton v. State, 634 So.2d 607 (Fla.1994) (concluding that a defendant who settles upon a plea arrangement for which a benefit is realized waives any claim that he has been convicted of two or more offenses which the double jeopardy clause would otherwise forbid). Lippman, issued a week before Novaton, in fact acknowledges that a defendant may be found to have knowingly waived his double jeopardy rights in limited instances. See Lippman, 633 So.2d at 1065 (citing State v. Johnson, 483 So.2d 420 (Fla. 1986)). I believe the bargained-for benefit which Casterline received, in open court, with benefit of counsel, and with all the attendant safeguards of procedural due process, bars him from now asserting that the additional condition of probation was unconstitutionally imposed.

II. The 1995 Modification of Probationary Conditions
Casterline faced a violation of probation in 1995 for associating with unsupervised minors, purportedly in violation of the condition of supervision added in 1991 of which the majority disapproves. In 1995, unlike the proceeding in 1996 which led to the incarceration of which he currently complains, Casterline admitted to the violation, and the trial court determined that he had in fact violated his supervision. After hearing from witnesses the trial court concluded that he was still amenable to treatment and elected to continue his probation. The order growing out of that proceeding dated April 27, 1995, finding him to be in violation further modifies his probation forbidding "contact with any child under 18 unless responsible adult is present." It is this order of modification, and not the one entered in 1991, which the probation officer cites in his affidavit charging the 1996 violation which served as the charging instrument and which led to the revocation of his probation. The 1995 order shares none of the asserted constitutional infirmities associated with the modification order of 1991. The order was entered after Casterline admitted to violating his probation and after the court accepted the admission and found him to be in violation.
The majority disposes of this meaningful episode in the analysis of this case by declaring *1075 that the 1995 proceeding is a "nullity[3]." There is no suggestion by the majority or the record that the court proceeded in 1995 without its jurisdiction. At no time did Casterline challenge the 1995 proceeding; no objection was interposed prior to the admission or after the court's modification; Casterline did not appeal the court's decision to modify the probation; and, most importantly, Casterline to date has not attacked the court's determination in 1995 that following his violation that he avoid associating with minors. In the motion he filed in the trial court from which this appeal is taken he fails to note that his 1996 revocation was in fact based on the 1995 modification, but instead asserts inaccurately that it was based on the 1991 modification which is more vulnerable to constitutional attack.
Were I to concede that in 1991 the court had no authority to enhance his probation absent a finding that he violated his supervision, irrespective of the bargain for which he received the full benefit, the court's subsequent finding in 1995 that he violated his supervision constitutes trial court error which is not reviewable at this time. In 1995 had Casterline denied the violation and a contested hearing was conducted, would this court determine that that proceeding was a "nullity" if he correctly questioned the sufficiency of the evidence against him leading to the finding that he was in violation of his probation? His opportunity to challenge the 1995 proceeding which led to the reimposition of the special condition under consideration was by direct appeal from the finding of the court. Collateral attacks on the sufficiency of the evidence are not entertained by trial courts; legal irregularities about the appropriateness of a condition of probation likewise should not be reviewable unless those rise to a constitutional dimension and result directly in an illegal sentence. Casterline is not serving a sentence growing out of the 1995 court action.
While the supreme court has made clear in Lippman and Clark that a prisoner may challenge collaterally a sentence based upon the violation of a condition of probation on double jeopardy grounds, I know of no authority which would permit such an attack upon an order continuing probation (the 1995 order) when that order is no longer in effect. Probation, I agree, is a sentence, but the 1995 sentence was complete upon Casterline's commitment to the Department of Corrections. Attacks on sentences which have been served in full generally cannot be entertained because the issue is moot. See Williams v. State, 549 So.2d 734 (Fla. 2d DCA 1989). The 1995 proceeding does in fact have an impact on his current sentence. However, he cannot be heard to complain that the "reimposition" of the special condition was unconstitutional, as it followed a finding that he was in violation, albeit of the same condition imposed previously under more suspicious circumstances. The Lippman court determined that collateral review was available to that defendant because a double jeopardy claim could effectively be raised at any time.
The proceeding Casterline attacks, the revocation leading to his current prison term, is not tainted by jeopardy concerns, as the order entered in 1995 added the condition of probation after a finding of violation. Were he to assail the 1995 proceedings on jeopardy grounds, which I point out again he has not undertaken, I believe that his opportunity to do so ended with his 1996 revocation, when that "sentence" of continued probation terminated, rendering his concerns moot.
*1076 I would affirm the trial court because Casterline has not attacked, and in my judgment cannot attack, the 1995 trial court proceedings. I also do not feel that the supreme court in Lippman and Clark intended to utilize the principle of double jeopardy to bar parties and trial courts from negotiating the addition of special conditions of probation, and that in such a circumstance a criminal defendant who obtains a benefit has waived his rights under the double jeopardy clause as the supreme court specifically determined in the context of plea negotiations in Novaton.
NOTES
[1] The probation officer's instruction could not form the basis to revoke Casterline's probation because it was a unilateral condition imposed by the officer which was not set forth in the sentencing order. See Waldon v. State, 670 So.2d 1155 (Fla. 4th DCA 1996).
[2] This order does not comport with the trial court's oral pronouncement that Casterline had not violated the terms and conditions of his probation.
[3] An improper extension of probation by agreement with a probationer and his supervisory officer may constitute a "nullity" insofar as a subsequent violation occurs during this extended period, after which the court had lost jurisdiction over the probationer because his term had in fact expired. See Marsh v. State, 559 So.2d 411 (Fla. 2d DCA 1990); see also State v. Schafer, 583 So.2d 374 (Fla. 4th DCA 1991); Carter v. State, 516 So.2d 331 (Fla. 1st DCA 1987).

Other probationary terms which have been described as "nullities" involve jurisdictional irregularities. See, e.g., Frederick v. State, 419 So.2d 736 (Fla. 3d DCA 1982), and Walker v. State, 382 So.2d 1231 (Fla. 2d DCA 1980) (vacating revocations of probation when the supervision was imposed for offenses for which the defendant never pleaded guilty nor was found guilty); Page v. State, 376 So.2d 901 (Fla. 2d DCA 1979) (setting aside a revocation of probation when the circuit court was without jurisdiction to impose it initially when the information charged only a misdemeanor).