745 So.2d 1001 (1999)
Edward L. COLE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03845.
District Court of Appeal of Florida, Second District.
September 10, 1999.
Edward L. Cole, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Edward L. Cole appeals the order of the trial court which modified the conditions of his probation six years after the trial court originally entered judgment. We reverse.
In 1992 Cole pleaded nolo contendere to attempted sexual battery. The trial court sentenced him to fifteen years in prison followed by fifteen years of probation. Cole continually served that sentence until September 2, 1998, when he was brought before the court on the State's motion to clarify Cole's sentence. *1002 The State asked the court to modify the conditions of Cole's probation by forbidding Cole from having any contact with his ex-wife, son, and daughter. The trial court granted the State's motion.
Although the trial court has the right to rescind or to modify the terms and conditions of probation at any time, a court must first determine that there has been a violation of probation before it can enhance or increase the conditions. See Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994); Casterline v. State, 703 So.2d 1071, 1072 (Fla. 2d DCA 1997). In Lippman, the supreme court determined that it was error for the trial court to increase Lippman's conditions of probation by adding the requirement that he not have any contact with the minor victim or his minor siblings because it constituted an additional punishment proscribed by the double jeopardy clause. Id. at 1062. The court determined that the addition was not a modification, but instead an enhancement. Id. at 1063. The court did state that if there was a provision in the original order which could be interpreted to include this condition, such as following the recommendations of a psychiatrist, then it would be viewed as a modification. Id. at 1063 n. 2.
In this case, the original order of probation does not contain anything which could be interpreted as having a connection with this new condition of restricting contact with his ex-wife, son, and daughter. We find no provision in this record requiring Cole to undergo psychiatric treatment or any restrictions on having contact with them, which could be interpreted as having a connection with this newly-imposed condition. The State contends that the order merely clarifies the conditions to which Cole originally agreed; however, there is nothing in this record to support that contention. Therefore, we determine that the new condition constitutes an enhancement of the original sentence rather than a modification. Accordingly, we reverse the trial court's final order enhancing Cole's conditions of probation.
Reversed and remanded.
GREEN, J., and DANAHY, PAUL W., (Senior) Judge, Concur.