PER CURIAM.
Nestor Iturralde appeals a stay away order imposed as part of a split sentence imposed on him, pursuant to a plea bargain. After reviewing the transcript of the plea colloquy, we conclude that the stay away order was clearly spelled out as part of the plea bargain. Although defendant-appellant initially objected to that part of the proposed plea agreement, the transcript is clear that the defendant ultimately agreed to that provision, as well as the other terms of the plea agreement.
*1206 Defendant relies on Lippman v. State, 633 So.2d 1061 (Fla.1994), but that case is distinguishable. There, a probation order had been entered and eight months later the trial court added additional conditions, without having found Lippman to be in violation of his probation. The court held that the addition of new conditions to an existing probation order was impermissible. Id. at 1064. The court pointed out, however, that “such conditions could have been included in the initial probationary order had circumstances required.Id. The Lippman decision does not apply here, because the stay away order was agreed to during the plea colloquy.
Affirmed.