McCANN, JAMES W., Associate Judge.
 

 The Appellant was charged by Information with grand theft of a motor vehicle
 
 *767
 
 (Count I) and felony driving while license revoked (habitual offender) (Count III).
 
 [1]
 
 Both counts charged the defendant with third degree felonies punishable by a maximum of five years in the Department of Corrections.
 

 On March 17, 2008, the Appellant signed a Plea of Guilty or No Contest to Criminal Charges in Circuit Court indicating that he was pleading guilty to the charges of Count I “Grand Theft” and Count II “DWLS” (driving while license suspended).
 
 [2]
 
 The plea agreement contained a separate provision in which Appellant acknowledged that he understood that the maximum penalty provided by law is: “Count I — 5 years FSP” (Florida State Prison); and “Count II — 864 days BCJ” (Broward County Jail). A third provision of the agreement indicated that if the court accepts the Appellant’s plea, his sentence would be an adjudication of guilt with a concurrent sentence of 364 days in the Broward County Jail. The Appellant initialed each provision of the plea agreement, including those referred to above.
 

 In the change of plea hearing, the trial judge explained the plea agreement to the Appellant stating, in pertinent part, “You’ve indicated an intent to enter a plea to Grand Theft and
 
 Driving While License Suspended.
 
 Is that what you want to do here today?” Appellant responded “yes.” Next, the court advised the Appellant that the maximum penalty for grand theft is five years in the Florida State Prison; and that the maximum sentence for “DWLS” is one year in the Broward County Jail. The trial court further explained that the negotiated plea with the State is an adjudication with a 364 day sentence in the Bro-ward County Jail with credit for time served of 88 days. After the court found that there was a sufficient factual basis for entry of the plea, the defendant pled no contest after which the court made the following pronouncement:
 

 The court accepts your plea of no contest; finds you freely and voluntarily entered; judgment along [sic] sentence of the court; adjudication 364 days in Broward County Jail; credit for 88 days time served.
 

 The judgment and sentence signed by the court on March 17, 2008, indicated that the Appellant entered a plea of no contest and was adjudicated guilty of Count I Grand Theft (motor vehicle), a third degree felony; and Count III “Felony DWLREV
 
 [3]
 
 (habitual offender),” a third degree felony. The Appellant contends that he entered a plea of no contest to the lesser included offense charged in Count III of DWLS, the first degree misdemeanor, which carries a maximum sentence of one year in the county jail.
 

 Based upon our review of the written plea agreement which utilized the abbreviation “DWLS” and the trial court’s oral pronouncement that the Appellant was entering a plea to “Driving While License Suspended” with a maximum sentence of “one year in the Broward County Jail,” it appears that there is a scrivener’s error in the Judgment and Sentence indicating that the Appellant entered a plea to, and was adjudicated guilty of the third degree felony of Driving While License Revoked (habitual offender); which is the as-charged offense in Count III.
 

 
 *768
 
 The State argues that it never negotiated a plea to a lesser charge under Count III, or amended the Information to do so. However, the State raised no objection at the plea and sentence hearing when the court specifically advised the Appellant that he was entering a plea to Driving While License Suspended which carried a maximum sentence of one year in the Bro-ward County Jail. Similarly, the State should have registered an objection to the written plea of no contest form submitted to the court which contained the provisions that he was pleading to the first degree misdemeanor of “DWLS” and that it carried a maximum sentence of 364 days [sic] in the Broward County Jail. The time for the State to have raised an objection or issue as to the charge that the Appellant was entering a plea to, and which he would be adjudicated guilty of, was at the change of plea and sentencing hearing.
 

 Both the Appellant and the State are entitled to a Judgment and Sentence that conforms to the plea agreement.
 
 See Delancey v. State,
 
 653 So.2d 1062 (Fla. 4th DCA 1995). The Judgment and Sentence convicting the Appellant of the third degree felony of Driving While License Revoked (habitual offender) must be vacated and corrected to reflect that the defendant entered a plea to, and was convicted of Driving While License Suspended, a violation of Florida Statutes § 322.34(2)(b), a first degree misdemeanor.
 

 We reverse and remand to the trial court with instructions to correct the Final Judgment and Sentence to reflect that the defendant was adjudicated guilty of Driving While License Suspended, a first degree misdemeanor.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . A co-defendant was charged in Counts II and IV.
 

 [2]
 

 . The plea agreement erroneously labeled the DWLS (driving while license suspended) charge as Count II. In fact, Count II was a possession of cocaine charge against the co-defendant.
 

 [3]
 

 .Driving While License Revoked (Habitual Offender). This was the as-charged offense.