FULMER, CAROLYN K., Senior Judge.
Predrag Loncar challenges an order modifying his probation with respect to his underlying convictions for extortion or threats and aggravated stalking. Because the modification violated the prohibition against double jeopardy[1] by enhancing Loncar’s probation conditions absent a violation, we reverse and remand for the circuit court to reinstate Loncar’s previous probation order.
On April 21, 2006, Loncar entered into a negotiated plea in the underlying matter, was adjudicated guilty, and was sentenced to three years’ imprisonment followed by two years’ probation. Loncar’s probation order included special conditions that prohibited him from having contact with the victim and the victim’s family. The order also included special condition 51, which *202 provided that “[defendant] cannot reside in State of Florida once released FSP unless victim is notified and [defendant] monitored in case of emergency.”
On December 12, 2007, the State filed an affidavit of violation of probation alleging that Loncar violated condition 51 by residing in Winter Haven, Florida. Loncar filed a motion to strike condition 51 as illegal or vague. He also filed a motion to modify his probation, alleging that his request to transfer his probation to Illinois had been refused by the State of Illinois. He asked that his probation be modified to mail-in status so that he could move to Illinois.
On January 22, 2008, the circuit court rendered an order modifying Loncar’s probation. The order provided that condition 51 was deleted and that Loncar’s probation was modified to include GPS monitoring by the Department of Corrections. The order also indicated that the State had withdrawn the affidavit of violation of probation.
On December 19, 2008, the State filed a motion to modify probation, seeking to prohibit Loncar from residing within twenty miles of the victim’s residence. The State asserted that Loncar was arranging to buy a home within two miles of the victim’s home and that even with GPS monitoring, that scenario was unacceptable. At the hearing, Loncar explained that his father had purchased the house in dispute. Loncar desired to live with his father for financial reasons. Neither Loncar nor his father was aware of the victim’s current address.[2]
The circuit court questioned its authority to modify Loncar’s probation, observing that there was no outstanding affidavit of violation of probation. The State responded that “there really isn’t authority, but the State is asking.” The circuit court then considered the Florida Supreme Court’s decision in Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994), which explains that absent proof of a violation, adding a condition that is more restrictive than those imposed by the initial probation order violates the double jeopardy protection against multiple punishments. The circuit court concluded that the State’s proposed modification of Loncar’s probation was less restrictive than the original condition requiring Loncar to reside outside of Florida. On that basis, the circuit court granted the State’s motion.[3] We reverse because the circuit court misapplied Lippman and violated the prohibition against double jeopardy when it enhanced Loncar’s probation without finding that Loncar had violated his probation.
Section 948.03(2), Florida Statutes (2004), provides that a trial court “may rescind or modify at any time the terms and conditions theretofore imposed by it upon the probationer.” However, “absent a violation of probation or community control, it may not add new conditions or enhance the penalty.” Wesner v. State, 843 So.2d 1039, 1040 (Fla. 2d DCA 2003). “An enhancement of probation where there is no proof of a violation of probation is a violation of ‘the double jeopardy prohibition against multiple punishments for the same offense.’ ” Blair v. State, 805 So.2d 873, 877 (Fla. 2d DCA 2001) (quoting *203 Lvppman, 633 So.2d at 1064). Further, “[u]nder Lippman, the test as to whether the modification of a condition of probation is an improper enhancement turns on whether the change is more restrictive than the original condition.” Id. (citing Lippman).
Here, the circuit court correctly observed that there was no outstanding affidavit of violation, and it properly looked to Lippman to assess whether the State’s requested modification constituted an enhancement of Loncar’s probation. However, it misapplied Lippman by comparing the State’s requested modification to condition 51 of Loncar’s original probation order. Once the circuit court rescinded condition 51 in its January 22, 2008, modification order, that condition was no longer part of Loncar’s probation. Therefore, the circuit court should have compared the State’s requested modification to Loncar’s current probation order as modified by the January 22, 2008, order which removed condition 51. See Green v. State, 638 So.2d 1006, 1006 (Fla. 4th DCA 1994) (analyzing the State’s request to modify the defendant’s probation to reporting status against the trial court’s prior order modifying defendant’s probation to administrative or nonreporting status; holding that the trial court could not modify the defendant’s probation to reporting status absent proof of a violation even though the State claimed the prior modification was in error).
At the time of the hearing on the State’s requested modification, Loncar’s probation required that he have no contact with the victim or the victim’s family and that he be subject to GPS monitoring by the Department of Corrections. These conditions would not have prevented Lon-car from residing with his father in the newly purchased home. However, the modification to prohibit him from residing within ten miles of the victim prevented him from residing with his father and, thus, was more restrictive than the probation conditions that were in effect. Because the circuit court did not find that Loncar had violated his probation, its modification of Loncar’s probation to include a more restrictive condition violated double jeopardy. See Lippman, 633 So.2d at 1064.
Accordingly, we reverse and remand for the circuit court to reinstate Loncar’s probation as modified on January 22, 2008.
Reversed and remanded.
WALLACE and MORRIS, JJ., Concur.

. See U.S. Const, amend. V; art. I, § 9, Fla. Const.

. The victim testified that she had moved since the original injunction was served on Loncar. She stated that she filed a change of address with the clerk’s office; however, Lon-car indicated that he did not receive notice of the change of address and the State presented no evidence to the contrary.

. Although the State had requested that Lon-car be prohibited from residing within twenty miles of the victim, the trial court only prohibited him from residing within ten miles of the victim.