43 So.3d 938 (2010)
V.M.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D09-1831.
District Court of Appeal of Florida, Fourth District.
September 15, 2010.
*939 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, C.J.
We reverse an amended probation order because the trial judge's enhancement of appellant's sentence violated the Double Jeopardy Clause of the United States Constitution.
Appellant entered a plea of no contest to battery. The circuit court withheld adjudication and placed appellant on probation. At the hearing when the plea was taken, there was some discussion about other charges and how they might be used to obtain some type of treatment for appellant.
After the sentence was imposed, a second hearing was held, apparently at the request of appellant's mother. At that time, appellant was in the detention center because of a new charge. The mother requested that appellant's probation be modified to require the juvenile to attend a non-public school. Appellant's attorney pointed out that a probation officer thought that public school was a "good option." The prosecutor suggested that *940 the court did not have jurisdiction to modify the sentence.
The trial judge responded that he "always" had "supervisory jurisdiction" to modify probation. He then granted the mother's motion for modification and required appellant to attend the PACE School for Girls until further order of the court. An amended probation order reflected this change. As did the original order, the amended order imposed a $50 charge for the Crimes Compensation Trust Fund.
Appellant later moved the court to correct a disposition error under Florida Rule of Juvenile Procedure 8.135(b)(2). In the motion, appellant argued the modification enhanced the probation without a violation of probation, thereby violating her right against double jeopardy. Appellant also contended that the judge could not impose the $50 trust fund charge because he had withheld adjudication. No ruling was made on the motion, so it is deemed denied. See Fla.R.Juv.P. 8.135(b)(1)(B), (b)(2)(B).
The Double Jeopardy Clause of the Fifth Amendment applies to juvenile proceedings. V.B. v. State, 944 So.2d 1185, 1186 n. 2 (Fla. 1st DCA 2006) (citing, e.g., Lisak v. State, 433 So.2d 487 (Fla.1983)); see also Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) (concluding that double jeopardy attaches when the trier-of-fact in a juvenile proceeding begins to hear evidence). That Clause provides that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." Amend. V, U.S. Const. One of the three protections guaranteed by the clause is the protection "against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
Because of that protection, a circuit court cannot enhance a defendant's probation without the state first charging, and the court determining, that the defendant violated probation. See Lippman v. State, 633 So.2d 1061, 1064-65 (Fla.1994). In Lippman, the defendant had been put on two years probation with certain special conditions. Id. at 1062. One of those conditions was that the defendant "undergo psychiatric treatment," to terminate upon the recommendation of the therapist and probation officer. Id.
After the circuit court dismissed a violation of probation affidavit, the state moved to modify the probation. Id. at 1062-63. The defendant's therapist wrote the court a letter requesting that it impose additional conditions, such as extending the defendant's probation from two to seven years and ordering the completion of another mental health program. Id. at 1063. The court modified the probation, adopting, in large part, the therapist's recommendations. Id. In post-conviction proceedings, the defendant argued that the modification of his probation was a violation of his right against double jeopardy. Id.
The Florida Supreme Court agreed that there had been such a constitutional violation, concluding the "added conditions... enhanced the terms of [the defendant's] original probationary sentence." Id. at 1063-64. The court pointed to section 948.06, Florida Statutes (1987), which "`provides the sole means by which the court may place additional terms on a previously entered order of probation or community control.'" Id. at 1064 (quoting Clark v. State, 579 So.2d 109, 110 (Fla. 1991)); see also Fla.R.Juv.P. 8.120(a) (tracking § 948.06). However, "[b]efore probation may be enhanced, a violation of probation must be formally charged and the probationer must be brought before *941 the court and advised of the charge." Lippman, 633 So.2d at 1064. "Absent proof of a violation, the court cannot change an order of probation by enhancing the terms." Id. (citing Clark, 579 So.2d at 110-11). Because the circuit court had found no violation of probation, yet enhanced the terms of the defendant's probation, the Supreme Court held that the order modifying probation "violated the double jeopardy prohibition against multiple punishments for the same offense." Id. The Supreme Court vacated the order. Id.; see also Blair v. State, 805 So.2d 873, 877-78 (Fla. 2d DCA 2001).
As in Lippman, the circuit judge in this case modified appellant's probation without appellant having been found in violation of it. The requirement that appellant attend the PACE School was an enhancement to the original sentence that made the sentence more severe. The modification of probation therefore violated appellant's right against double jeopardy.
We also reverse the portion of the sentence assessing $50 for the Crimes Compensation Trust Fund. A court may assess that cost against a juvenile only when the juvenile has been adjudicated delinquent. See § 775.083(2), Fla. Stat. (2008); J.C. v. State, 32 So.3d 196 (Fla. 4th DCA 2010); C.M.S. v. State, 997 So.2d 520 (Fla. 2d DCA 2008). Because the judge withheld adjudication in the original sentence, the cost should not have been imposed against appellant.
We reverse the amended probation order with instructions to reinstate the original probation order, from which the $50 cost for the Crimes Compensation Trust Fund shall be stricken.
WARNER and CIKLIN, JJ., concur.