NORTHCUTT, Judge.
The circuit court revoked Ezra Maddox’s probation for a curfew violation and sentenced him to prison. But the curfew condition had been added after Maddox began serving his term of probation. As such, the condition violated the constitutional protection against double jeopardy. *333 Accordingly, we reverse the revocation of Maddox’s probation.
Maddox was on probation for aggravated battery. The terms of his probation required that he serve 364 days in jail, but the jail time was to be suspended when a bed became available in a treatment program that he was ordered to attend as a condition of probation. An affidavit was later filed alleging that Maddox had violated his probation by being unsuccessfully discharged from the treatment program. Maddox was held in jail, but the affidavit was later dismissed. The court then ordered Maddox to complete a different treatment program and agreed to release Maddox from jail until a bed was available. But the court ordered Maddox to observe a curfew, which was not a condition of his original probation. Maddox subsequently admitted that he broke the curfew, whereupon the court revoked his probation and sentenced him to five years in prison.
On appeal, Maddox argues that double jeopardy principles precluded the addition of a curfew condition to his probation terms. He is correct. The double jeopardy protection applies to conditions of probation. Lippman v. State, 633 So.2d 1061,1064 (Fla.1994). Absent proof of a violation, the terms of a probationary sentence may not be enhanced. Id. Even when a nonviolating probationer has agreed to the enhancement, he is not es-topped from challenging it as a violation of double jeopardy. Casterline v. State, 703 So.2d 1071, 1073 (Fla. 2d DCA 1997) (citing Lippman).
Although Maddox had been charged with violating his probation, the charging affidavit was dismissed. Therefore, the circuit court was not permitted to add conditions to Maddox’s probation. Maddox may have agreed to the curfew in exchange for his release from jail pending the availability of a space in the treatment program. And his violation of the curfew may have warranted ordering him to jail until he entered the program. But it could not support a probation revocation because the curfew was not properly a condition of the probation. Accordingly, we reverse the revocation of Maddox’s probation.
Reversed and remanded.
MORRIS, J., and CASE, JAMES R., Associate Senior Judge, Concur.